## Jess Sullivan v. The State.

### No. 1126.   Decided April 26, 1911.

### Rehearing Denied May 24, 1911.

**1.—Slandering Female—Statement of Facts.**

Where, upon appeal from a conviction of slander, the counsel for appellant did not show sufficient diligence in preparing a statement of facts and bills of exception and having the same approved and filed within proper time, the same must be stricken from the record on motion of the State.

**2.—Same—Information—Precedent.**

Where the information followed precedent, there was no error in overruling a motion to quash.

**3.—Same—Continuance—Bill of Exceptions.**

Where the action of the court in overruling an application for continuance was not reserved by bill of exceptions, the same can not be considered on appeal.

**4.—Same—Charge of Court—Bill of Exceptions.**

The refusal of special requested instructions can not be considered in the absence of a bill of exceptions.

**5.—Same—Misdemeanor—Charge of Court—Practice on Appeal.**

Where no exceptions were reserved to the court's failure to give special instructions, the same can not be considered on appeal.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of slander; penalty, a fine of $100.

The opinion states the case.

*Love & Calvin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case defendant was charged by information and complaint with the offense of slander. Upon a trial he was convicted, and has brought the case to this court on appeal.

1. Appellant filed a motion to quash the information and complaint. The court did not err in overruling the motion. Humbard v. State, 21 Texas Crim. App., 200; Dickson v. State, 34 Texas Crim. Rep., 1.

2. This case was tried at the November term of County Court of Delta County, which adjourned on the 10th day of December, 1910. The statement of facts was not filed until January 6, 1911. The attorneys now representing the defendant have filed their affidavit, and the affidavit of James Patterson that the statement of facts was presented to the county judge within twenty days of the day of adjournment of court. The certificate of the judge says he has no recollection when it was delivered to him. In cases appealed from County Court not more than twenty days can be allowed by law to file a statement of facts and bills of exception, yet where a defendant has exercised diligence to have the statement of facts filed within time, and it is through no negligence of defendant that it is not filed in time, this court will consider the statement of facts. However, the bills of exception were not approved by the court until the 6th day of January, 1911, and there is nothing in the record or the affidavits filed showing they were presented to the judge before the day they were approved and filed, consequently the motion of the Assistant Attorney-General to strike the bills of exception from the record is sustained, and we can not consider them in passing on this case.

3. There is a motion for a continuance in the record, and the defendant assigns as error the failure of the court to grant the motion. Not having reserved a bill of exceptions to the action of the court, we can not review the ruling of the court. To the motion there is no subpoena attached or other process. Trevino v. State, 38 Texas Crim. Rep., 64.

4. We can not pass on those assignments in the motion for new trial which are based on the refusal of the court to give special charges requested, because the bills of exception were not approved nor filed within the time allowed by law, and have been stricken from the record.

This being a conviction for a misdemeanor, and no exceptions being reserved to the charge, and no exceptions reserved to the failure of the court to give special instructions requested that we can consider, this judgment is affirmed, as the facts sustain the utterance of the words upon which the information is based.

The judgment is affirmed.

*Affirmed.*

#### ON REHEARING.

#### May 24, 1911.

HARPER, Judge.—At a former day of this term this case was affirmed. Appellant has filed a motion for rehearing, asking that the judgment be set aside, and the bills of exception found in the record be considered, and accompanies said application with affidavits that the bills of exception were presented to the judge within the time provided, though not approved by him, nor filed until after the expiration of the time. In Biojas v. The State, 36 Texas Crim. Rep., 185, this court held: "Appellant presents to this court a bill of exceptions to the admission of certain evidence, signed and approved by the judge and filed after the expiration of the term. Accompanying this bill is the following explanation by the judge: 'This bill of exceptions was handed me within the time prescribed by law, and during the term of court at which the case was tried, but was in some manner misplaced, and it is a fact that the exception to the admission of the testimony was reserved by the defendant, through his counsel, at the time of the admission of the same; and the clerk of the court is ordered to file same as a part of the record.' This bill can not be considered. While it seemingly was neglect on the part of the judge not to approve and file the bill, it was the duty of counsel to follow this bill, and see that it was approved by the judge and filed by the clerk," citing authorities.

In this case no such showing is made as in that case, for the judge says he does not know when the bills of exception were presented to him, and when spoken to about it, he referred the inquiring person to appellant's counsel. It appears to be the rule of this court that unless diligence is shown, bills of exception not filed within the time fixed by law will not be considered, and that it is a duty of appellant or his counsel to give personal attention to the matter and not place dependence on someone else.

*Overruled.*