GIBSON v. STERRETT, Game, Fish and Oyster Com'r, et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1912.)

1. INJUNCTION (§ 174*)—TEMPORARY INJUNCTION—DISSOLUTION—SUFFICIENCY OF NEGATIVING AFFIDAVIT.

In an action to restrain defendant from arresting plaintiff for unlawfully fishing, an affidavit accompanying the answer *held* to sufficiently deny the material allegations of the petition, so as to warrant dissolution of a temporary injunction on hearing in vacation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 386, 387; Dec. Dig. § 174.*]

2. INJUNCTION (§ 152*)—TEMPORARY INJUNCTION—FINAL HEARING.

Upon hearing in vacation, after granting a temporary injunction, the judge could finally determine plaintiff's probable right to the temporary injunction and construe, in that connec-

tion, the meaning of a statute upon which such right depended.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 337, 343; Dec. Dig. § 152.*]

3. STATUTES (§ 140*)—AMENDMENT—SUBJECT-MATTER.

It is a sufficient compliance with the constitutional requirements if the subject-matter of an amendment is germane to the subject-matter of the original statute, and within the title of that statute.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 208; Dec. Dig. § 140.*]

4. FISH (§ 13*)—REGULATIONS—PROHIBITED WATERS—"PASS."

A defined channel, extending between Padre and Mustang Islands, through which the tide flows and ebbs, leading from the interior end of a strait to Corpus Christi Bay, one of the coast waters of Texas on the Gulf of Mexico, through which channel the Gulf waters flow, is a part of the Corpus Christi Pass, within Pen. Code 1895, art. 529g, as amended by Acts 31st Leg. (1st Ex. Sess.) c. 23, prohibiting the taking of fish, except by hook and line, from all waters within one mile on either side of all passes leading from the Texas coast waters into the Gulf of Mexico.

[Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 22–24; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 6, pp. 5215–5217; vol. 8, p. 7747.]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by C. W. Gibson against W. G. Sterrett, Game, Fish and Oyster Commissioner, and others. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

G. R. Scott and Boone & Pope, for appellant. A. B. Davidson and C. E. Lane, for appellees.

JAMES, C. J. This is an appeal from a vacation order dissolving a temporary injunction which restrained the said commissioner and his deputy, Everhart, and the county attorney of Nueces county from causing the arrest of any of the employés of plaintiff, C. W. Gibson, or otherwise interfering with them, while engaged in the taking of fish from certain waters.

The substance of the petition is that plaintiff was lawfully engaged in the business of taking from the coast waters of Texas fish and oysters and dealing in same; that the principal fishing waters near Corpus Christi are the waters of Corpus Christi Bay channel and the flats contiguous thereto, which are bounded "on the west by Laguna Madre, on the east by Mustang Island, on the north by the one-mile limit from Corpus Christi Pass and those parts of Padre Island and Mustang Island beaches on the waters of the Gulf of Mexico one mile either side of Corpus Christi Pass; said Corpus Christi Pass being that portion of the channel of Corpus Christi Bay between Padre Island and Mustang Island, where the waters of Corpus Christi Bay and the Gulf of Mexico, flowing through said channel, meet; that all said waters are

outside the one-mile limit either side of said pass, as above described, and are open waters under the laws of the state of Texas relating to fish and oysters;" that plaintiff, through his employés and agents, has long been engaged in taking fish from the waters above described; that on or about June 8, 1911, the said W. G. Sterrett, commissioner, claiming the same to be closed waters, in which the taking of fish by other means than the ordinary hook and line is prohibited by that portion of article 529g of the Penal Code 1895, as amended by Acts 31st Leg. (1st Ex. Sess.) c. 23, defining prohibited waters as "all water within one mile of either side of all passes leading from the Texas coast waters into the Gulf of Mexico," declared the channel of Corpus Christi Bay to be Corpus Christi Pass, within the meaning of said act, and that the mile limit provided by said article begins at a point in Corpus Christi Bay channel six miles from the Gulf of Mexico, at or about the bulkhead of said channel, and caused to be arrested the employés of plaintiff, who were fishing in the open waters as above described, upon charges of committing the offense of fishing in prohibited waters, which charges are pending in the county court of Nueces county; that afterwards, about June 16, 1911, the said Sterrett officially notified plaintiff that he intended to arrest and prosecute all persons seining the waters described and construed by him as Corpus Christi Pass, with the further information that acquittals would not deter him from continuing such arrests and prosecutions. The remainder of the petition consists of averments to show irreparable injury to plaintiff in his business and property and want of other adequate remedy, etc.

A temporary writ of injunction was granted, except as to prosecutions already begun, and a day then set for hearing, upon which day the hearing was had and the injunction dissolved. Gibson appeals.

Under the first and second assignments of error, appellant makes the proposition that a temporary injunction should not be dissolved on hearing in vacation on an unsworn answer which does not specifically negative every material allegation of the petition.

The one point in the controversy is one of law, or a mixed question of law and fact, viz., whether or not the commissioner's construction of the act, in view of the situation, was correct. We quote from appellant's brief: "The appellees depended on the ground that the construction placed by them on the act in question was the proper construction, and that these waters were closed waters. Therefore the gist of the entire matter, is whether the act in question warrants the construction placed thereon by the game, fish and oyster commissioner of the state of Texas. If by this act the Legislature intended to and did close the Corpus Christi channel from bulkhead to the Gulf,

and the act is not otherwise invalid, then appellant would not be entitled to the injunction. If, on the other hand, this particular section of the article is not susceptible of this construction, and appellant's construction of what is meant by the use of the word 'pass' is correct, it was not intended by the Legislature to close the waters declared by the commissioner to be closed waters, and therefore appellant is entitled to the relief sought. This issue goes to the merits of the case, and is in fact the entire case."

The answer, filed September 11th, was not sworn to. But on October 19th, the date of the hearing, the commissioner filed his affidavit as a part of the record, stating in substance, that the issue was as aforesaid; that the Nueces river which empties into Nueces Bay, and Corpus Christi Bay, and certain creeks flowing into the lagoons, bays, and lakes forming the salt waters of Laguna Madre and Nueces and Corpus Christi Bays, all constitute part of the coast waters of the state of Texas; that these coast waters, in their confluence or joining in what is known, on the geodetic or coast surveys of the United States, as "Corpus Christi Pass"; that such confluence creates a pass leading from the waters of Nueces and Corpus Christi Bays, and other coast waters above referred to, into the Gulf of Mexico, and through which said coast waters flow, while the Gulf of Mexico waters likewise lead into the said coast waters, and flow through said pass; that the coast waters of the Gulf flow through the same back into Corpus Christi and Nueces Bays and the Laguna Madre and other salt water basins on the Texas coast, and make what is known on the United States geodetic or coast surveys as "Corpus Christi Pass," and said pass is, as also all intervening territory or water, within one mile on either side thereof exempt waters under the laws of the state, in which persons cannot, with seines, nets, or any other device, except with the ordinary hook and line, take fish, etc., without violating the laws of the state of Texas.

[1] The affidavit reached the material matter in controversy, and was sufficient to warrant the court in hearing testimony, in order to determine which contention or construction was correct. All other matters alleged in the petition do not appear to have been brought into controversy.

[2] It is contended, under the third assignment, that the evidence raised an issue of fact which could only be determined upon final hearing; and it was therefore the duty of the court to continue the injunction until the cause could be determined upon its merits; it being shown upon the hearing that a probable right, with probable injury to that right, existed. The district judge granted the injunction provisionally, and evidently subject to the hearing, for which he fixed a date. Upon that hearing, he un-

questionably had the right to hear the matter and determine finally the right or probable right of plaintiff to the temporary injunction. He could determine, in that connection, the proper intent of the statute in question, upon which depended the right or probable right. The assignment is overruled.

[3] The fourth assignment reads as follows: "The judgment of the court in dissolving said temporary injunction in vacation was further contrary to the law and evidence, in that plaintiff's petition and supplemental petition directly attacked the validity of article 529g of the Penal Code of the state of Texas, and plaintiff's said petition and the evidence offered by plaintiff and defendants before the court conclusively show that if said act is invalid plaintiff will be greatly injured and damaged by the enforcement thereof." Under this assignment, it is contended that the caption of the act in question did not express the nature of the amendment, but referred to the articles proposed to be amended simply by article number of the Code and the Statutes, or to the title of the article, and did not refer to the purpose of the amendment, and is therefore unconstitutional. It is sufficient compliance with the constitutional requirement if the subject-matter of the amendment is germane to the subject-matter of the original act, and is within the title of that act. School Dist. v. King, 20 N. D. 614, 127 N. W. 515.

[4] The position of appellant in this case is that the Corpus Christi Pass is merely the strait separating Padre and Mustang Islands, and that plaintiff had the right to take fish anywhere in coast waters further than one mile distant from the extremities of the channel separating said islands. That of appellee is that by the word "pass" the Legislature intended the entire channel connecting Corpus Christi Bay, a coast water, with Gulf of Mexico. That Corpus Christi Bay is one of the coast waters clearly appears. The testimony shows a defined channel, through which the tidewater flows and ebbs, several miles long, leading from the interior end of said strait to Corpus Christi Bay. Appellant says this is no part of the "pass," but that the "pass" is restricted to that part of the channel which is bounded on either side by said islands. The prohibition of article 529g extends to "also all waters within one mile on either side of all passes leading from the Texas coast waters into the Gulf of Mexico." The purpose of the enactment was to enable fish at all times to pass to and from the coast waters of the state without being molested by the character of fishing prohibited. The evidence shows clearly that the water from and to the Gulf flows through a defined channel extending from the strait between the islands to Corpus Christi Bay; and it is therefore as much a part of the pass leading from such coast water to the Gulf as the strait itself.

The construction of the word "pass" insisted on by appellant would defeat the evident purpose of the statute. The purpose the Legislature had in view was to enable fish to have free access to and from the coast waters, and if they are allowed to be intercepted in or near the channel aforesaid the purpose would be defeated. In arriving at the sense of the Legislature in the use of the term "all passes," the purpose it had in view must be consulted.

The judgment is affirmed.