## JOSE GAVINA v. THE STATE.

### No. 1675. Decided March 13, 1912.

**1.—Fish and Game Law—Bill of Exceptions.**

Where, on an appeal from the County Court, the bills of exception were
not filed until twenty-eight days after the adjournment of the court, the same
could not be considered on appeal. Following Misso v. State, 61 Texas Crim.
Rep., 241, and other cases.

**2.—Same—Stenographer's Act—Statement of Facts—Bills of Exception—Filing.**

The provision, as to filing of statement of facts, under the Stenographer's
Act of 1911 does not extend to bills of exception. See opinion for discussion
of this Act, and the ninety days limit.

**3.—Same—Information—Negative Allegations.**

Where, upon trial of a violation of the fish and game law under Article 529g, Penal Code, the information followed the statute, the same was sufficient, and it is not necessary to allege that the seine used and dragged was not a regular turtle net or that the defendant was seining in breeding ground or in breeding season.

**4.—Same—Legislative Intent—Closed Waters—Passes—Channels.**

Under Article 529g, Penal Code, establishing closed waters in this State, it was the intention of the Legislature to declare all waters within passes and within one mile on either side of all passes leading from the Texas coast waters into the Gulf of Mexico closed at all times against seining for fish therein, and by any means other than by the ordinary hook and line and set turtle net.

**5.—Same—Pass—Channel—Statutes Construed.**

The pass intended by the legislative Act under Article 529g, Penal Code, is the entire length of the channel from Corpus Christi Bay to the Gulf of Mexico, and not the strait or pass between Padre Island and Mustang Island.

**6.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions was not filed until after twenty-eight days after adjournment of the County Court, the same can not be considered on appeal; besides, the same presented no error.

**7.—Same—Charge of Court—Seining—Coast Waters.**

Upon trial of a violation of the fish and game law, and unlawfully seining in prohibited waters under Article 529g, the court correctly charged the jury that such seining at any time of the year in the coast waters of the State, within one mile of either side of any pass leading from the coast waters into the Gulf of Mexico, was prohibited, and that the pass leading from the waters of Corpus Christi Bay to the Gulf of Mexico is within the said prohibited waters, and that if defendant did seine, etc., in said channel, to find him guilty.

**8.—Same—Charge of Court—Corpus Christi Pass—Channel—Law—Fact.**

The question as to whether the channel of Corpus Christi Bay constitutes Corpus Christi Pass is not an issue of fact, but a question of law, and there was no error in the court's charge in so submitting it to the jury.

**9.—Same—Charge of Court—Circumstantial Evidence.**

Where the court correctly charged on the law of circumstantial evidence, there was no error.

**10.—Same—Charge of Court—Principals.**

Upon trial of unlawfully seining for fish in closed waters, where the evidence showed that all the parties were acting together in taking fish and dragging seines in prohibited waters, there was no error in the court's charge on principals; as in misdemeanor cases, all persons who act together are principals.

**11.—Same—Charge of Court.**

Where, upon trial of unlawfully seining in prohibited waters, the evidence supported the allegations in the information, there was no error in refusing a requested charge to acquit the defendant.

Appeal from the County Court of Nueces. Tried below before the Hon. Walter F. Timon.

Appeal from a conviction of unlawful seining in prohibited waters; penalty, a fine of $10.

The opinion states the case.

*G. R. Scott, Boone & Pope* and *Suttle & Todd,* for appellant.—On question of insufficiency of information: State v. Duke, 42 Texas, 455; Archer v. State, 10 Texas Crim. App., 482; Rice v. State, 37 Texas Crim. Rep., 36; article 529g, Penal Code.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—In this case appellant was prosecuted under an information charging him with "unlawfully seining and dragging a seine within the prohibited waters of the State of Texas," in that defendant did unlawfully seine and drag a seine in the waters of Corpus Christi Bay and in and within one mile of either side of the channel and pass leading from the waters of Corpus Christi Bay to the Gulf of Mexico, known as Corpus Christi Pass.

W. E. Everhart testified for the State: "I went around on Mustang Island on the gulf beach as far as we could go up the pass to what is known as Corpus Christi Pass. I found seining boats there and seven men were with them. When we got there it was directly after sunup and they were then putting out their seines in the skiffs from the edge of the shore. They were just getting the seines in the fishing boats. I have lived on the Texas coast eleven years. Fishermen put the seines out of the skiffs from the roller out behind and let the seine drag out. These men had a skiff with a roller behind it. That is what they let their seines out with. When I got there that morning the men were loading the seines on their skiffs. I am sure the defendant was one of those men. We stopped there a little bit, but did not say anything to these men and then we went off. After they had got their seines in the skiffs they all got upon the decks of their boats and sat there. We went on a little further up the beach and turned around and they were still sitting there, and then we went on up the beach three or four miles to what is known as New Port Wharf to wait there until Col. Sterett and two men who were with him came to their boats. Col. Sterett and these men were coming from Tarpon the other way. When we were there on this wharf these several men hoisted the sails on the fishing boats so that we could see them. These boats did not move, that is, the sails did not move and we stayed there quite a while and talked, and I finally said that it is time we are going. We could see the boats there, but they were not moving. Geo. Raymen, Chas. Hasteritch and I got in the boats and went down there, and when we got there to Mustang Island the water was so shallow on Mustang Island side that we could not get far down there and stopped the boat and pulled it upon the beach and walked down there, and when we got there these boats were still at the place and these men were across the channel with their seines in the water and there was one of them coming back from the middle ground and there was a seine piled

upon this middle ground. This middle ground water was shallow, being only five, six or seven inches deep at that time and there was a skiff by these seines, and there was one of the party that had left these men and had gone over to the boat, which was quite a little walk, and he started back and I hollered to him to come back and bring the skiff over for us. There was quite a little water over in the channel between us and he started to come over and get us and some of the fishermen over there, I do not know who it was, made a motion to him or said something to him and he did not bring the skiff, but started off. When he started off he made a motion with his hand and then I induced him to bring the skiff over there. That is what brought him. These men had their seines stretched out in the water, I reckon about as far as here to the jail. This seine I expect was about a seventy-five fathom one or possibly 100 fathom one, as that is what they usually use. When we came up to where they were the seines were still in the water and as we came over to them they were around the seine. The fish were still in the pockets of the seine and they were taking them out, and before we got to them they had put them all in the net they had there—that is, from where we were, I judged they were putting the fish in the bag—and when we got over there with the man who took us over there in the skiff and made them turn the fish aloose and arrested the men and told them to come on up to Corpus and they came up. This defendant was in that bunch. He had hold of the seine handless. I saw them taking the fish out of the seine and putting them in the net?'

Appellant filed a motion to quash the information and complaint which was by the court overruled, and to which action of the court appellant reserved a bill of exceptions. The Assistant Attorney-General has so fully discussed all the issues arising in this case, we copy his brief herein and adopt it as the opinion of the court:

"Appellant was tried in the County Court of Nueces County under complaint and information, and his punishment was assessed at a fine of $10. The case as stated above was tried in the County Court. This court adjourned on the 7th day of October, 1911. The bills of exception herein were not filed until the 4th day of November, 1911, twenty-eight days after the adjournment of the court. This is not permitted by law. The court could not have given authority to file these bills of exception later than authorized by statute after adjournment of the court in a misdemeanor tried in County Court. See Misso v. State, 61 Texas Crim. Rep., 241, 135 S. W. Rep., 1173; Sullivan v. State, 62 Texas Crim. Rep., 410, 137 S. W. Rep., 700; and Mueller v. State, 61 Texas Crim. Rep., 544, 135 S. W. Rep., 571. The Stenographers Act of 1911 does provide that statement of facts may be filed after the trial occurs in either County or District Court at any time before the expiration of the time allowed for the filing of the transcript in the Court of Criminal Appeals. This provision does not extend to bills of exception. I want to further submit to this

Court that the Legislature in mentioning the time, in the Stenographers Act, in which the parties are allowed to file statement of facts in the trial court, means ninety days, as provided in civil cases, and I submit that this court should so interpret this Act.

"The complaint in this case was for violation of so much of article 529g of the Penal Code, which establishes closed waters in the State of Texas in these words: "Coast waters and passes in this State, in which seining, setting nets, or the use of any other devices for catching fish, turtle or terrapin in any way other than by the ordinary hook and line and castnet is hereby prohibited at any and all times, to wit: . . ." Then follows a specification of such waters, and in the latter portion of the second section of said Act the following waters are described, 'also all water within one mile on either side of all passes leading from the Texas coast waters into the Gulf of Mexico.'

"It will be seen from the above that it was clearly the intention of the Legislature to declare all the waters within passes and within one mile on either side of all passes leading from the Texas coast waters into the Gulf of Mexico closed at all times, and in which persons are prohibited from catching fish, etc., by any means other than by the ordinary hook and line and set turtle net. There is but one contested question in this case, and that is that the channel conveying the waters from Corpus Christi Bay to the Gulf of Mexico, to and fro, as made by the State, composes the pass as mentioned in article 529g; while the defendant contends that only that portion of this channel which passes between two bodies of dry land composes the pass as these words are used in the statute. Now, I submit to the court that if the appellant's contention is to be upheld, then the Legislature was unfortunate in the use of the language used in the Act, for they used this language: 'Also all waters within one mile on either side of all passes leading from the Texas coast waters to the Gulf of Mexico.' The court will note that the language used is *leading from* one body of water *to* another. It must begin in one and end in the other, or it can not lead from one to the other. And, therefore, the pass intended by the legislative Act was certainly the entire length of the channel from the bay to the gulf. About this, I think there can be no question. This question was recently passed on *adversely to appellant's contention in the case of* Gibson v. Sterett in the Court of Civil Appeals of the Fourth Supreme Judicial District, and which is here referred to for a more extended discussion of the questions involved.

"Bill of exceptions No. 1 insists that the complaint and information did not allege an offense against the law. The information does charge that defendant 'did then and there unlawfully seine and drag a seine within the prohibited waters of the State of Texas,' and that he did 'seine and drag a seine in the waters of Corpus Christi Bay and in and within one mile of either side of the channel and pass

leading from the waters of said Corpus Christi Bay to the Gulf of Mexico, known as Corpus Christi Pass.' It was not necessary to allege that the seine used and dragged was not a regular turtle net— turtle nets are not dragged, but only set—and this interpretation is evident from the language used in the statute. See language used in the first section of article 529g of the Penal Code. It was not necessary to allege that the defendant was seining in breeding grounds or in breeding season, as there is no purpose to charge that offense in this case. The information sufficiently charges an offense under the law.

"Bill No. 3 complains of the action of the court with reference to the admission and rejection of certain testimony. This bill was not filed in the court below until twenty-eight days after adjournment of the court, and, therefore, should not be considered by this court, and the propositions therein presented are not so presented as to require this court to consider them. But if filed in time, it presents no error.

"Section 4 of said motion insists that the court erred in instructing the jury that it is unlawful for any person to seine or drag a seine at any time of the year in the coast waters of the State of Texas within one mile of either side of any pass leading from the coast waters into the Gulf of Mexico; that the pass leading from the waters of Corpus Christi Bay, in Nueces County, to the Gulf of Mexico, and known as Corpus Christi Pass, is within the prohibited waters of the State of Texas, and that it is an offense for any person to seine or drag a seine within one mile of either side of said pass. This was a correct charge given under article 529g of the Penal Code, as interpreted in the case of Gibson v. Sterett hereinbefore referred to.

"Section 5 complains of so much of the court's charge as reads as follows: 'Now, then, if you find from the evidence beyond a reasonable doubt that the defendant, Jose Gavinia, did, as alleged in the information, seine and drag a seine in the channel or pass from the waters of Corpus Christi Bay to the Gulf of Mexico, in and within a mile of either side of the pass known as Corpus Christi Pass, you will find him guilty as charged,' etc.

"Appellant gives the same reasons in support of his contention in this instance as he did to the complaint and information. He further insists that the charge is a charge upon the weight of the evidence; that the question was an issue of fact as to whether the channel of Corpus Christi Bay did in fact constitute Corpus Christi Pass. The court by reading the language of the Code as hereinbefore quoted can have no doubt that the court's charge is correct and that it was not an issue of fact, but as an interpretation of the statute only.

"The sixth section complains of the court's charge on circumstantial evidence. I submit that the court's charge was an admirable one

upon that question, and in terms similar to a number approved by this court.

"The seventh section complains of so much of the court's charge as has reference to the law of principals. This is a misdemeanor case, and the evidence shows all of the parties were acting together in taking fish and dragging seines in prohibited waters, and in this character of case all persons who so act are principal offenders and there was no error in the court so instructing the jury.

"The eighth section complains that the court erred in not giving to the jury defendant's special charge No. 1. Said charge was a peremptory charge and should not have been given."

The judgment is affirmed.

*Affirmed.*