## ERNEST CARPENTER V. THE STATE.

### No. 4763.   Decided February 27, 1918.

**1.—Murder—Statement of Facts—Bills of Exception—Filing—Ninety Days Limit.**

The power of the trial court to extend the time in which bills of exception and statement of facts may be filed is controlled by article 845, C. C. P., and the limit to which the extension may be made is a total of ninety days after adjournment. Following Roberts v. State, 62 Texas Crim. Rep., 7.

**2.—Same—Diligence—Rule Stated.**

When the appellant is diligent in his efforts to secure a statement of facts and bills of exception and to cause them to be filed in the time required by law, he will not be made to suffer the consequences of the faults of others, but he must use the proper diligence. Following George v. State, 25 Texas Crim. App., 229, and other cases.

**3.—Same—Rule Stated—Filing After Time Extended—Laches—Practice on Appeal.**

The exception to the rule requiring the disregard of bills of exception and statement of facts filed after the time permitted by law is predicated upon the showing to this court of the absence of laches on the part of the appellant. And the privilege of this court to consider a bill of exceptions or statement of facts filed after the time is not to be arbitrarily exercised. Following Riojas v. State, 36 Texas Crim. Rep., 182, and other cases.

**4.—Same—Case Stated—Precedent—Practice on Appeal.**

Where, upon an appeal from a conviction of murder, the State filed a motion to strike out the statement of facts and bills of exception because they had not been filed in time to be considered, and the record showed that, without violence to the practice long adhered to and often declared, this court can not consider these documents, the motion of the State must be sustained and the judgment of the lower court affirmed.

Appeal from the District Court of Denton.   Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Sullivan & Hill* and *A. S. Baskett,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was for murder and his punishment assessed at seven years confinement in the State penitentiary.

The State, through the Assistant Attorney General, has filed a motion to strike out the statement of facts and bills of exception. The term at which the trial took place ended April 13, 1917. The statement of facts was filed July 16th and the bills of exception July 21, 1917, both more than ninety days after the end of the term. The court on April 13th allowed sixty days, which expired June 12th, and

on that day allowed thirty days additional, which expired July 12th. On July 10th another extension of ten days was ordered, and before the expiration of this last named ten days the document was filed. Appellant, answering the motion, says that on July 10th, which was two days prior to the expiration of ninety days from the adjournment of the term, the statement of facts agreed to, bearing the agreement of the attorneys, was delivered to the trial judge, and at the same time the bills of exception were delivered to him, and that the trial judge on July 16th approved and filed the statement of facts without correction, and on the 21st the bills of exception with modification on two of them only. The power of the trial court to extend the time in which bills of exception and statement of facts may be filed is controlled by article 845, Code of Criminal Procedure, and the limit to which the extension may be made is a total of ninety days after adjournment. This has frequently been decided. Roberts v. State, 62 Texas Crim. Rep., 7.

When an appellant is diligent in his efforts to secure a statement of facts and bills of exception and to cause them to be filed in the time required by law, he will not be made to suffer the consequences of the faults of others. George v. State, 25 Texas Crim. App., 229; Vernon's C. C. P., p. 826, and cases cited. Appellant insists that this rule should inure to his benefit under the circumstances of this case. The correctness of this view depends upon the facts as disclosed by the record. Looking to these it appears that when the sixty-day order expired the stenographer's transcribed report of the evidence was in the hands of the leading counsel for appellant. This affirmatively appears in the application for an additional extension filed by appellant June 10th.

The statement of facts containing 144 pages of typewritten matter and the bills of exceptions containing about thirty pages were placed in the hands of the district judge thirty days after this application was made, being twenty-eight days after the order for an additional extension of thirty days was made on June 12th. At the time they were placed in the hands of the judge there remained two days within which they could be filed under the law. Appellant insists that it was possible within these two days for the trial judge to have examined, approved and filed the papers and that it follows therefrom that appellant is not chargeable with the fault, and in this connection says that the ten days further extension of time by the judge on July 10th was for the convenience of the court and that this appears from the order. We do not understand the record to be susceptible to this construction. It appears therefrom that on July 10th appellant made an application for a further extension of ten days and that thereafter the court entered an order in the following terms:

"On this the 10th day of July, A. D. 1917, came on to be considered the application of Ernest Carpenter to extend the time for filing state-

ments of fact and bills of exception in said cause, and said application having been considered and good cause found for such extension, and it appearing to the court that an appeal has been taken from the judgment rendered therein and that the statement of facts and bills of exceptions because they are so voluminous can not be filed within the time heretofore granted by this court for such purpose, it is, therefore, ordered by the court that the said Ernest Carpenter shall have ten days from the 11th day of July, 1917, in which to prepare, have filed and approved statements of fact and bills of exception in this cause."

The exception to the rule requiring the disregard of bills of exception and statement of facts filed after the time permitted by law is predicated upon the showing to this court of the absence of laches on the part of appellant. This is the view expressed by this court in an opinion by Judge Hurt in George v. State, 25 Texas Crim. App., 229, from which we quote as follows: "When a statement of facts is filed after these times, and the party tendering or filing the same shall, to the satisfaction of this court, show that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time prescribed, towit, in term time, or within ten days after adjournment, and that his failure to file the same in said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control."

This rule has been re-declared and followed in a number of cases listed in Rose's Notes on Texas Reports, volume 5, page 674. In many of these cases the character of diligence which must be shown is discussed by this court. Illustrating these views we take the following quotation from Riojas v. State, 36 Texas Crim. Rep., 182: "Appellant presents to this court a bill of exceptions to the admission of certain evidence, signed and approved by the judge and filed after the expiration of the term. Accompanying this bill is the following explanation by the judge: 'This bill of exceptions was handed me within the time prescribed by law, and during the term of the court at which the case was tried, but was in some manner misplaced, and it is a fact that the exception to the admission of the testimony was reserved by the defendant, through his counsel at the time of the admission of the same; and the clerk of the District Court of Atascosa County is here now ordered to file the same as part of the record in this case, and transcribe same, making a certified copy of same, and all endorsements thereon, and forward same to Austin as a part of the transcript in said cause.' This bill can not be considered. While it seemingly was neglect on the part of the judge not to approve and file the bill of exceptions, it was the duty of counsel to follow up his bill, and see that it was approved by the judge during the term, and filed with the clerk. This is statutory. See George v. State, 25 Texas Crim. App., 229; Exon v. State, 33 Texas Crim. Rep., 461."

This interpretation of the rule has been approved in numerous in-

stances, notably Stanford v. State, 42 Texas Crim. Rep., 343; Pollard v. State, 45 Texas Crim. Rep., 121; Sullivan v. State, 62 Texas Crim. Rep., 410. It is apparent from the authorities cited that the privilege of this court to consider a bill of exceptions or statement of facts filed after the time is not to be arbitrarily exercised but to be brought into operation only in cases where proof is made satisfactory to this court that the delay was not contributed to by the laches of the appellant. This has not been done in the record before us, and without violence to the practice long adhered to and often declared, we can not, in the present instance, overrule the State's motion to disregard the documents filed after the time authorized by law.

In this state of the record the judgment of the lower court is affirmed.

*Affirmed.*

PRENDERGAST, JUDGE, absent.