RAY HOLDEN v. THE STATE.

No. 8180.    Delivered November 5, 1924.

Rehearing denied January 7, 1925.

1.—Theft—Judgment—Reformed.

The judgment directs that appellant be confined in the state penitentiary for not less than four nor more than four years. The sentence that appears in the record, sentences appellant to confinement in the penitentiary for not less than five nor more than five years. Said judgment and sentence will be now here corrected, and reformed so as that same shall adjudge and sentence appellant to confinement in the penitentiary for a period of time not less than two, nor more than four years.

2.—Same—Bills of Exception—Filed Too Late.

The limit of time for the filing of bills of exception in this cause expired on August 8th. The bills were not filed until August 27th. They were filed too late, and cannot be considered.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction of theft; penalty four years in the penitentiary.

*Ove E. Overson, W. A. Bills* and *W. P. Sebastian,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Eastland county of theft, and his punishment fixed at four years in the penitentiary.

The judgment directs that appellant be confined in the State penitentiary for a period of not less than four nor more than four years. In some way the sentence that appears in this record sentences appellant to confinement in the penitentiary for a term of not less than five nor more than five years. The sentence as it appears is not in conformity with the judgment, and neither the sentence nor the judgment is in conformity with the expressed direction of the indeterminate sentence law of this State. Said judgment and sentence will be

now here corrected and reformed so as that same shall adjudge and sentence appellant to confinement in the penitentiary for a period of time not less than two nor more than four years.

The trial term of the court below could by law extend for more than eight weeks, it being provided in the bill creating the court that it shall meet at stated times and continue in session until the business of the court is disposed of. As defining what should be done in regard to bills of exception and statements of fact in a court whose term may extend more than eight weeks, there appears in Art. 845 C. C. P. the following language:

"Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered, unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception."

How long can the court extend the time and from what beginning point should extension be dated? The answer appears in many opinions of this court following Knight v. State, 147 S. W. Rep. 268, which states that the court is without power to extend the time for filing such bills of exception and statements of fact beyond ninety days from the date of final judgment. In the case before us the sentence was dated May 10th and the ninety day period, which marked the limit of the extension which could legally be allowed, expired August 8th following. All the bills of exception in this record appear to have been filed August 27th. They were filed too late. The trial court was without power to grant an extension of ninety days from June 2nd, —the date of the adjournment of the term of court. We regret that we cannot consider the bills of exception because same were not filed in time.

There seems no exception to the court's charge, and an examination of the facts in evidence lead us to believe them ample to support the conclusion of guilt reached by the jury.

The judgment of the trial court will be affirmed.

*Affirmed.*