R. H. McClelland v. The State.

No. 9769.  Delivered October 21, 1925.

Rehearing Denied December 9, 1925.

1.—Aiding Prisoner to Escape—Statement of Facts—Time for Filing.

Where the time granted by the court has expired, a statement of facts filed thereafter cannot be considered by us. This rule is well settled, and has never been relaxed, excepting where it is shown that the failure to file the statement of facts was not due to the negligence of the appellant. Following Hart v. State, 83 Tex. Crim. Rep. 87, and Vastine v. State, 84 Tex. Crim. Rep. 214.

ON REHEARING.

2.—Same—Statement of Facts—Cause Shown for Failure to File.

On rehearing, appellant having shown good and sufficient cause for his failure to file his statement of facts in the court below within the time granted by the court, same will be considered on appeal.

3.—Same—Requested Charges—Not Considered.

Appellant complains of the refusal of the court to give to the jury his special charges Nos. 1 and 2. There is nothing in either charge showing when such charges were presented to the court and no bills of exception reserved to his refusal to give them, and we are not authorized to consider same. See Art. 659 C. C. P. 1925.

Appeal from the District Court of Victoria County. Tried below before the Hon. John M. Green, Judge.

Appeal from a conviction of aiding a prisoner to escape, penalty two years in the penitentiary.

*J. D. Fowler,* for appellant.

Sam D. Stinson, State's Attorney, and Nat Gentry, Jr., Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Victoria County for unlawfully aiding a prisoner to escape from custody of an officer and his punishment assessed at two years in the penitentiary.

The record is before us without any bills of exception. It appears that the term of the district court in which the appellant was convicted adjourned on the 28th day of May, 1925, and he was allowed ninety days within which to prepare and file a statement of facts. There appears what purports to be a statement of facts filed in the district court of said county on October 12, 1925, forty-four days after the time had elapsed for filing same. There is not sufficient excuse or reason shown in the record which would authorize this court to consider a statement of facts filed after the time had expired allowed by law and under the Statutes and the decisions of this court, we are precluded from considering the same. Hart v. S. 83 Tex. Crim. Rep. 87; Vastine v. S., 84 Tex. Crim. Rep. 214. The indictment and charge of the court being regular and there being no error of record shown, we are of the opinion that the judgment of the trial court should be affirmed and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BAKER, JUDGE.—At a former day of this term we refused to consider the statement of facts in this case because same was not filed within the time fixed by law. Under this showing made on motion for rehearing, we have decided now to consider same.

Appellant complains of the refusal of the court to give to the jury his special charges 1 and 2. There is nothing in either of said charges showing when same were presented to the court, whether before or after the court read his general charge to the jury as required by the Statutes governing such matters, and for that reason we are unauthorized to consider same. Art. 659 C. C. P. of the 1925 Penal Code; Art. 737 of Vernon's C. C. P.

There are no bills of exception in the record, nor objections to the court's charge, and failing to find any error in the trial of this case the motion for rehearing is refused and the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.