## G. E. ANDERSON V. THE STATE.

10059.    Delivered March 31, 1926.

Rehearing granted State, May 12, 1926.

### 1.—Carrying a Pistol—Charge of Court—Omitting Defensive Issue— Erroneous.

Where, on a trial for carrying a pistol, the defensive issue raised by the evidence being that appellant was carrying the pistol from the home of a friend to whom he had loaned the pistol, to his own home, it was error for the court to refuse to submit this issue in his charge to the jury.

#### ON REHEARING BY STATE.

### 2.—Same—Statement of Facts—Filed Too Late—Not Considered.

On rehearing by the state our attention is called to the fact, shown by the record, that the trial court adjourned on the 3rd day of October, and that the statement of facts was not filed until the 13th day of January, more than one hundred days after the adjournment of court.   At the time of the trial, ninety days after adjournment was the limit of the time within which to file a statement of facts, and there is nothing in the bills of exception which would enable us to appraise their merits in the absence of a statement of facts, and our original opinion reversing the case is set aside, and the judgment affirmed.   See Art. 845 C. C. P. and cases collated in Vernon's Tex. Crim. Stats. Vol. 2, p. 58.

Appeal from the County Court at Law No. 2 of Dallas County. Tried below before the Hon. Wm. M. Cramer, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.

The opinion states the case.

*G. A. Crane of Dallas,* for appellant.

*Gossett Greer*, Assistant District Attorney of Dallas County, and *Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawfully carrying a pistol, and the punishment is a fine of $100.

The state's testimony shows that appellant was seen with a pistol about four miles from Seagoville, Dallas County, Texas, on the Dallas public road. The appellant did not deny having the pistol on the occasion in question but offered proof to the effect that he had loaned the pistol to a boy by the name of Horne, who lived down below Seagoville, and at the time he was seen with the pistol, he had been down to this party's house and had got the pistol and was taking the same back home with him. The uncontradicted testimony of the appellant and his father was to the effect that he had loaned this pistol to this friend and that he had gone for the pistol on the occasion of his arrest and that he had procured it from his friend who had borrowed it and was returning home with it and that he stopped to fix one of the lights on his car, which was out of order, and was apprehended with pistol at this time.

Appellant requested the court to charge the jury to the effect that he had a lawful right to go to the home of this friend who had borrowed this pistol and to take the pistol home with him. The court refused to so instruct the jury and nowhere in his main charge did he instruct the jury that under the theory of the case thus presented by the evidence, carrying the pistol would be no violation of the law. We think this charge should have been given and the refusal of the court to give it was error. It presented in apt language the affirmative defense offered by the appellant, and this defense was nowhere submitted by the court in his main charge.

For the refusal to give this special charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—State's counsel directs atten-

tion to a fact shown by the record that the court adjourned on the 3rd day of October and that the statement of facts was not filed until the 13th of January, more than one hundred days after the adjournment of court. At the time of the trial, ninety days after adjournment was the limit of the time within which to file a statement of facts. See Art. 845, C. C. P.; Demarco v. State, 178 S. W. Rep. 1024; and other cases collated in Vernon's Texas Crim. Stat., Vol. 2, p. 831; also Sweeney v. State, 84 Texas Crim. Rep. 58; Carpenter v. State, 83 Texas Crim. Rep. 87.

There is nothing in the bills of exception which would enable us to appraise their merits in the absence of a statement of facts. However, we find that the court gave a special instruction which covered the omission in the charge to which we have adverted in the original opinion.

The motion is granted, the reversal set aside, and the judgment of the trial court is affirmed.

*Affirmed.*