W. T. McKNEELY v. THE STATE.

No. 11778.   Delivered October 17, 1928.
Rehearing denied November 14, 1928.

The opinion states the case.

*Dickens & Dickens* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

We can not consider the statement of facts and bills of exception in this case.   Art. 760, 1925 C. C. P., specifically forbids any extension beyond the time allowed by statute for filing same.   Said article grants ninety days from the giving of notice of appeal in which to file such statement of facts and bills of exception.   In the instant case the notice of appeal was given on the day of the adjournment of court, to-wit: November 26, 1927.   The court made an order granting ninety days from said date for such filing.   Slight computation shows this time to have expired February 24, 1928. The learned trial judge made an order on February 24th extending

the time for filing such bills and statement for an additional thirty days. He was without power to extend the time beyond the ninety days fixed by statute. Retza v. State, 95 Texas Crim. Rep. 491; Holden v. State, 98 Texas Crim. Rep. 592. The bills of exception and statement of facts were filed March 15, 1928. This was too late.

The indictment charges a violation of the law and is followed by the charge of the court. Exceptions were taken to the charge but same were based upon the facts not here in evidence, and hence can not be considered.

No error appearing, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant attaches to his motion for rehearing affidavits setting up facts seeking to show that he has been deprived of statement of facts and bills of exception without fault on his part. We regret that we cannot take such view of it. Motion for new trial was overruled on November 26th, at which time notice of appeal was entered and ninety days granted in which to file statement of facts and bills of exception. The ninety days expired on February 24th. The court reporter's certificate to the statement of facts bears date of December 22d. This statement of facts, although prepared by the reporter less than a month after the notice of appeal was given was not placed in the hands of the district attorney until the 90th day of such extension order, at which time the bills of exception were also given the district attorney. Appellant appears not to have insisted even then that they should be approved and filed that day it being the last day under the statute in which they could be filed. All parties appear to have proceeded under the belief that the trial judge could extend the time another thirty days, and an order to that effect was procured. As far back as 1911 in Roberts v. State, 62 Tex. Cr. R. 7, 136 S. W. 483, it was held that the trial judge had no authority to extend the time for filing statement of facts and bills of exception beyond 90 days from adjournment of court or final judgment—it now being 90 days from notice of appeal. This opinion has been followed consistently to the present time. Retza v. State, 95 Tex. Cr. R. 491, 255 S. W. 423, and cases therein cited. Chisholm v. State, 1 S. W. (2d) 613.

The motion for rehearing is overruled.

*Overruled.*