MARK (MARCUS) KNOWLES v. THE STATE.

No. 13380. Delivered October 29, 1930.
Rehearing denied December 10, 1930.
Reported in 32 S. W. (2d) 834.

The opinion states the case.

*A. R. Eidson* of Hamilton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Appellant gave notice of appeal on the 24th day of September, 1929. The statement of facts was filed January 1, 1930, this being more than ninety days after the notice of appeal was given. The State moves to strike out the statement of facts. The motion is well taken. Under the terms of Art. 760, C. C. P., the statement of facts must be filed within ninety days from the date notice of appeal is given in order to be entitled to consideration. Walker v. State, 14 S. W. (2d) 1026.

The State's motion to strike out the bills of exception is also well taken. The court made an order granting ninety days from the adjournment of court in which to file bills of exception. The court adjourned on the 12th day of October, 1929. The bills of exception were filed on December 27, 1929, this being more than ninety days after notice of appeal was given. The trial judge had no authority to make an order extending the time for filing the bills of exception beyond ninety days from the date notice of appeal was given. McKneely v. State, 10 S. W. (2d) 544.

The indictment charges a violation of the law and is followed by the charge of the court.

No error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear that the file mark on bill of exception No. 1, as it appears in the transcript originally considered, did not disclose the true date of filing. The

certificate of the clerk is to the effect that said bill of exception was filed on September 27, 1929, instead of the 27th of December, 1929, as shown in the transcript. The bill having been filed within the proper time, is entitled to consideration. The statement of facts and the remainder of appellant's bills of exception were filed too late and are not entitled to consideration.

Bill of exception No. 1 relates to the action of the court in permitting the State to introduce in evidence an indictment charging appellant with the offense of selling intoxicating liquor. Numerous objections were interposed by appellant. We are unable to determine from the bill of exception whether the action of the court was proper. In any event, if the action of the court should be held erroneous (and this is not conceded), we would be unable to determine, in the absence of a statement of facts, whether appellant was harmed, as the minimum penalty shown by the record may rest upon uncontroverted and conclusive evidence of guilt.

No other matter being presented for review, the motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.