DIONICIO RAMOS, NICOLAS GARZA, AND JUAN RAMOS v. THE STATE.

No. 25219. March 28, 1951.
Rehearing Denied May 16, 1951.

Hon. Arthur A. Klein, Judge Presiding.

L. G. Mathews, Brownsville, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Dionicio Ramos, Nicolas Garza and Juan Ramos, appellants, were each separately indicted for the murder with malice of Geronimo Garza.

By agreement of appellants the cases were jointly tried before the same jury. Each case being submitted by a charge applicable thereto, the jury returned a verdict of guilty against each of the defendants. Dionicio Ramos was assessed a life term in the penitentiary, and Nicolas Garza and Juan Ramos a term of 35 years each.

Judgments were entered on October 10, 1949, and the motions for new trial were overruled, sentences pronounced and notices of appeal given on November 28, 1949. In the orders overruling the motions for new trial, appellants were granted 90 days in which to prepare and file bills of exception and statement of facts. Such time expired on February 26, 1950.

The statement of facts and bills of exception appearing in the record were filed on October 18, 1950, almost eight months after the time allowed had expired, and more than a year after the trial.

Our state's attorney has moved that such statement of facts be stricken from the record and not considered.

Appellants, in reply to such motion, allege that such statement of facts and bills of exception were delivered to the trial court within the 90 day period, and through no fault of appellants or their counsel, same were not approved by the court, and therefore could not be filed.

From the record, it appears that upon motion of appellants the trial court entered a number of orders attempting to extend the time for filing the statement of facts and bills of exception for an additional 30 days, and upon the date of filing same on October 18, 1950, and after the expiration of all extensions theretofore ordered, the court entered an order purporting to again extend the time for filing so as to include that day.

In this last order is found the following:

"and it appearing to the court and the court finding that the bills of exception of each of the defendants named was, by defendants' counsel, presented to the court on or about the 25th day of February, A.D. 1950 * * * "and also the following:

"and by reason of the fact that defendants' counsel did present his bills of exception prior to the expiration of 90 days from the date of overruling of the respective motions for new trials herein, the court finds that defendants nor their counsel are in any wise chargeable with such delay in filing, and that such extension of time should be granted to permit the filing of such bills of exception and statement of facts."

Most of the bills filed were the court's bills each reciting that appellants' refused bill was presented on February 25, 1950.

Appellants rely heavily upon the foregoing recitations and finding of the trial court made on October 18, 1950, to support their attorney's present recollection that the statement of facts and bills of exception were delivered to the trial court prior to the expiration of the 90 days originally allowed.

Such order of extension, and all orders purporting to extend the time for filing the statement of facts and bills of exception beyond the 90 days allowed in the orders overruling the motions for new trial, were void for want of authority of the trial judge to make the same. See Holden v. State, 98 Tex. Cr. R. 592, 267 S.W. 275.

And further, if we may consider the order of the trial judge made so long after the event, this court is not bound by the findings or conclusions of the trial judge based upon his recollection of events so long past, if the record on appeal shows same to be erroneous.

We think that the facts shown by the record do not excuse the failure of appellants and their counsel to file the bills of exception and the statement of facts within the time allowed, and show further that they were not in fact delivered to the judge within such period.

The certificate of the court reporter attesting to the accuracy of the statement of facts is dated January 3, 1950. But the approval by appellants' counsel and the county attorney is dated March 24, 1950. It is evident that the statement of facts was completed by January 3, some 54 days before the expiration of the time allowed for its filing. No reason is shown why it could not be presented to the trial judge long prior to February 25th.

On February 24, 1950, which was two days before the expiration of the 90 days allowed by the court, a motion signed by appellants' counsel was filed requesting that the time for filing the statement of facts and bills of exception be extended another 30 days. This motion contains the following allegation: "Each of the defendants in the above entitled and numbered causes would further respectfully show the court that their attorney L. J. Mathews has been sick and under the care of a physician and he has been unable to complete and file them (referring to the statement of facts and bills of exception) with the court as required by law."

The trial court granted such extension in an order made the same day, which order recites that in the court's opinion "the grounds for said extension is well taken."

It is evident that at the time of filing the motion on February 24, 1950, the statement of facts and bills of exception had not been delivered to the trial judge, and the statement contained in various motions thereafter filed suggesting February 25 as the approximate date of delivery of the same is incorrect.

But according to the trial judge's order and the recitals of his bills, it was his recollection in October, 1950, that the bills of exception were presented to him "on or about February 25, 1950," and prior to the expiration of 90 days from the date of overruling of the respective motions for new trial."

That the trial court was in error as to such statement is demonstrated by the further request for extension of time signed by appellants' counsel and filed on March 24, 1950, wherein is found the following representation:

"That heretofore to-wit, on or about the 24th day of February, A.D. 1950 on motion of the Defendants in the above entitled and numbered causes because of the sickness of the Defendants' attorney, additional thirty days were granted for the filing of statement of facts and bills of exception, that on or about the 17th day of March, 1950, that the bills of exception were completed by each of the Defendants and together with the statement of facts, handed to the Court who delivered them to Mr. Graham, the County Attorney, * * *"

It appears that it was alleged on February 24, 1950, that appellants' counsel had been ill and had not then completed the statement of facts nor the bills, and that on March 24, 1950, it was alleged that the same were completed and handed to the trial judge "on or about March 17, 1950."

No attempt is made, by affidavit or otherwise, to show that counsels' illness made it impossible for the statement of facts and the bills of exception to be prepared within the 90 days allowed. It is merely contended that such were delivered to the trial judge during such period, which contention is not supported by the record.

Furthermore, the law requires that the statement of facts and bills of exception be filed within the 90 days allowed, and

it is not sufficient that they be presented to the trial judge for his consideration before the time had expired.

In Carpenter v. State, 83 Tex. Cr. R. 87, 201 S.W. 996, the statement of facts containing 144 pages and bills of exception covering some 30 pages were placed in the hands of the trial judge at a time when there remained only two days within which they could be filed under the law. The contention that appellant was not chargeable with the failure to file such papers because it was possible for the trial judge to have examined, approved and filed same within the remaining two days was overruled.

Here the statement of facts contains some 446 pages, and the bills of exception occupy some 253 pages of the transcript. It is not now contended that same were presented to the trial judge or the district attorney earlier than February 25, and the time allowed for their filing expired on February 26, 1950.

The opinion in the Carpenter case expresses our conclusion here in the following language:

"* * * the privilege of this court to consider a bill of exceptions or statement of facts filed after the time is not to be arbitrarily exercised but to be brought into operation only in cases where proof is made satisfactory to this court that the delay was not contributed to by the laches of the appellant. This has not been done in the record before us, and without violence to the practice long adhered to and often declared, we cannot, in the present instance, overrule the state's motion to disregard the documents filed after the time authorized by law."

The sentence against appellant Dionicio Ramos fails to apply the indeterminate sentence law. Such sentence is reformed so as to read for a term of not less than two years nor more than life imprisonment in the penitentiary.

Other proceedings appear to be regular.

In the absence of a statement of facts or bills of exception which may be considered, nothing further remains for review.

The judgments are each affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

The original opinion in this case very clearly and accurately discusses the record upon which the case was affirmed.

Appellants have filed their motion for rehearing accompanied by an affidavit giving their version of the reasons for the delay in filing the statement of facts and bills of exception. A re-examination of the record, together with the affidavits submitted, fails to reveal the exercise of diligence on the part of appellant within a reasonable time after notice of appeal was given. Without such a showing, we will not consider the statement of facts and bills of exception filed too late. Texas Digest, Crim. Law 1099(7).

The motion for rehearing is overruled.