

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 30, 1973

Honorable Clayton T. Garrison
Executive Director
Texas Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 92

Re:  Status of Galveston
Ship Channel under
Shrimp Conservation
Act, Article 4075b,
V. T. C. S.

Dear Mr. Garrison:

Your recent letter to this office states as follows:

"Section 6 of the Texas Shrimp Conservation
Act, Art. 4075b, V.A. T. S., governs the taking of
shrimp in the inside coastal waters of the State of
Texas. Section 6(b) of the Act provides that it shall
be unlawful for any person to take or catch or attempt
to take or catch, shrimp of any size or species within
the natural or man-made passes leading from the
inside waters to the outside waters of this State.

"The Galveston Ship Channel is situated between
Galveston Island and Pelican Island as indicated on
the attached map. At one time this channel was dredged
and channel markers were maintained for boat traffic
to and from West Galveston Bay and the Gulf of Mexico.
At the present time it is not maintained. Another channel
has been constructed and is maintained through the nor-
thern part of Pelican Island. At certain times of the
year, especially during the spring bay open season,
there is a great influx of small shrimp into this old
channel area. A 300 pound daily limit is set for a
commercial bay shrimp boat operator during the entire year.
At the time of the shrimp migration through the Galveston
Ship Channel it becomes extremely easy for any and all
commercial shrimp boats working such channel to exceed
the daily limits.

p. 424

"Given the above information, the following
questions are submitted for your consideration:

"1.    Is the Galveston Ship Channel a pass within
the meaning of Section 6(b) of the Shrimp Conser-
vation Act, Art. 4075b, V. A. T. S. ?

"2.    In the event you find the Galveston Ship
Channel is not a pass, is the channel to be con-
sidered a major bay for purposes of Section 6 of
the Shrimp Conservation Act, Art. 4075b, V. A. T. S. ? "

The purpose of the Texas Shrimp Conservation Act is declared in §1
of Article 4075b as follows:  "[I]t is hereby declared by the Legislature of
the State of Texas to be the public policy of this State that the shrimp resources
of the State of Texas be conserved and protected from depletion and waste. . . ."

Section 6b provides specifically as follows:

"(b) It shall be unlawful for any person, at any
time, to take or catch, or to attempt to take or catch,
shrimp of any size or species within the natural or
man-made passes leading from the inside waters to
the outside waters of this State. "

While the Texas Shrimp Conservation Act, supra, fails to define the
term "pass", Texas Courts have construed the term in a similar factual and
statutory context.  In Gibson v. Sterrett, 144 S. W. 1189 (Tex. Civ. App. , San
Antonio, 1912, no writ), the plaintiff sought to enjoin the Game and Fish
Commission from arresting him for violating a Penal Code Provision which
prohibited the taking of fish except by hook and line in all water within one
mile of either side of all passes leading from the Texas coast waters into
the Gulf of Mexico.  Plaintiff argued that the "pass", in which fishing was
prohibited, was restricted to that part of the channel which was bounded on
either side by coastal lands.  The court relied on testimony which showed a
defined channel, through which tide-water flowed and ebbed, leading for sev-
eral miles from the interior end of the strait separating Padre and Mustang

Islands (Corpus Christi Pass) to Corpus Christi Bay. Finding that the purpose of the enactment was "to enable fish at all times to pass to and from the coast waters of the State without being molested by the character of fishing prohibited, " the Court held that the channel extending from the strait between the islands to Corpus Christi Bay was as much a part of the pass leading from such coast water to the Gulf as the strait itself. The court concluded:

> "The construction of the word 'pass' insisted by appellant would defeat the evident purpose of the statute. The purpose the Legislature had in view was to enable fish to have free access to and from the coast waters, and if they are allowed to be intercepted in or near the channel aforesaid the purpose would be defeated. In arriving at the sense of the term 'all passes', the purpose it had in view must be consulted. "

Following the holding in Gibson v. Sterrett, supra, the Court of Criminal Appeals in Gavinia. v. State, 145 S. W. 594, 596 (Tex. Crim. 1912) held that "the pass intended by the legislative act was certainly the entire length of the channel from the bay to the gulf. " In Attorney General Opinion No. V-1191 (1951), this office relied on Gibson, supra, and Gavinia, supra, in recognizing that the Legislature intended to protect the free passage of fish in inside coastal waters to and from outside coastal waters.

A similar construction of the term "pass", as used in Section 6(b) of the Texas Shrimp Conservation Act, supra, is warranted here where the manifest purpose of the Act, supra, as expressed in § 1, is the protection and conservation of shrimp.

That the Galveston Ship Channel is no longer maintained is not material to the question of whether the channel is a "pass". Costal tide-waters flow and ebb through the channel; shrimp and other esturine and marine wildlife migrate through the channel to and from the Gulf; the Legislature, in enacting the Texas Shrimp Conservation Act, intended to conserve and protect the shrimp resources of the State; and, as previously construed by Texas courts, the term "pass" is not restricted to

that outer strait intersecting the Gulf, but includes a channel leading from an inner strait far into the bay itself. All of this clearly indicates that the Galveston Ship Channel is a "pass" within the meaning of § 6(b) of the Texas Shrimp Conservation Act.

Our affirmative response to your first question renders your second question moot.

## SUMMARY

The Galveston Ship Channel is a "pass" within the meaning of § 6(b) of the Texas Shrimp Conservation Act, Texas Revised Civil Statutes, and Article 4075b, 1966.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee