## CHARLIE ROBERTS, ALIAS "BROWNEY," v. THE STATE.

No. 1018. Decided March 29, 1911.

Rehearing Denied April 27, 1911.

**1.—Statement of Facts—Bills of Exception—Extension of Time.**

It is mandatory, under the Act of May 1, 1909, that the lower courts, when within the time and when properly called upon, have the power to grant extensions of time for the filing of bills of exception and statement of facts, provided the time of such extensions does not exceed ninety days from adjournment in case a term can not last longer than eight weeks, and if the term lasts longer than eight weeks, from the date of the final judgment, which is the sentence.

**2.—Same—Practice—Record Must Show Extensions.**

Where statement of facts or bills of exception are filed after thirty days from the final judgment, or adjournment for the term, as the case may be in the lower court, the record itself must show that such an extension of time was properly granted by the order of the lower court; and where beyond sixty days a like extension of time shall be shown.

**3.—Same—When Cause will be Reversed—Statement of Facts.**

Where the appellant has not shown, as an affirmative fact, that he was without fault in filing his statement of facts and bills of exception within the

time authorized by law, this court will neither reverse the case noi consider a statement of facts that is filed after the time allowed by law.

**4.—Same—Case Stated—Affidavits—Statement of Facts.**

Where, upon appeal from a conviction of murder, the affidavits filed in the Court of Criminal Appeals showed unquestionably that no statement of facts by the appellant or his attorney was ever claimed to have been made out within the proper time and presented to the proper officers, the appellant is not without fault and there was no reversible error.

**5.—Same—Practice on Appeal—Affidavits.**

See first part of opinion which deprecates the practice of filing affidavits in the Court of Criminal Appeals, touching the question of making out statements of fact and bills of exception in the lower court.

**6.—Same—Charge of Court—Practice on Appeal.**

Where there was no statement of facts in the record, an objection on account of a refused charge of the court can not be considered on appeal.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*Wiley & Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted, tried and convicted for the murder of N. S. Board on May 30, 1909.

The indictment was returned July 3, 1909. The trial began March 7, 1910, and ended March 12, 1910. The motion for new trial was overruled on March 25th and notice of appeal then given. That term of the court continued until Saturday, April 2, 1910, on which date it adjourned. The law fixes four terms for that court, each term beginning respectively on the first Mondays in January, April, July and October. The record shows, without any written application therefor, or necessity shown either in the orders or elsewhere, that on May 2d, May 30th, June 29th, July 27th and August 26th, an order was entered each time giving thirty days from those respective dates for the filing of statement of facts and bills of exception.

No bill of exceptions or statement of facts have been filed and none are contained in the record or with it. The record was filed in this court December 22, 1910.

A contest has arisen in this court over the fact of whether or not the latter three orders extending the time were ever made by the judge or authorized to be made. Taking all of the affidavits, we are inclined to the opinion that they may sufficiently show that the entries of the respective orders were either made, or authorized to be made on the judge's docket by either Judge Seay, who was the judge of that court,

or by Judge Sewell, who was elected by the bar to hold and who did hold part of the July term of said court.

The affidavits of the parties differ as to some of the facts of what was done and said. In fact, in some respects they sharply contradict one another.

Recently it seems that this court has been frequently called upon to pass upon such character of affidavits. We want to say here, for the benefit of the bar and lower courts, that this court believes it should not be incumbered with such matters, nor called upon to consider and pass upon them, and while we do not intend and do not, in fact, reflect upon any of the parties in this case, we desire to say now that we condemn in no uncertain way this practice, and shall hesitate hereafter and perhaps refuse to consider such matters. There may be extreme circumstances and exceptions in such matters, but we want the bench and bar to know, and take this means of giving that information, that we hope the necessity will not arise for this court to be compelled hereafter to take up and consider such matters.

Section 7, page 376, of the Act of May 1, 1909, on the subject of stenographers and statements of facts and bills of exceptions, has been several times construed already by this court and our Supreme Court. By this court in the cases of Griffin v. State, 59 Texas Crim. Rep., 424, 128 S. W. Rep., 1134; Earles v. State, 59 Texas Crim. Rep., 353, 128 S. W. Rep., 902; Sanders v. State, 60 Texas Crim. Rep., 34, 129 S. W. Rep., 605, and other cases. By the Supreme Court in the case of Couturie v. Crespi, 131 S. W. Rep., 403. The effect of these decisions is that under this Act of the Legislature the lower courts, when within the time and when properly called upon for that purpose, have the power to grant an extension or extensions of time for the filing of bills of exception and statements of facts in the lower court, provided the time of such extensions do not exceed ninety days from the adjournment of the court in case the term can not last, under the law, longer than eight weeks, or when it is authorized under the law to continue longer than eight weeks from the date of the final judgment. The final judgment in criminal cases is the sentence. The effect of these decisions, further, is that this statute is mandatory. In civil cases, the section 7 of the Act above referred to does not permit or authorize the lower court to grant a longer time than ninety days, as above explained, for the filing of statements of facts and bills of exception in the lower court. Article 824 of Code of Criminal Procedure is as follows: "If a new trial be refused, a statement of facts may be drawn up and certified and placed in the record as in civil suits. Where the defendant has failed to move for a new trial he is, nevertheless, entitled, if he appeals, to have a statement of the facts certified and sent up with the record." The Code of Criminal Procedure of our State contemplates that when an appeal is taken from a judgment in a felony case that the appeal shall be "prosecuted immediately." And it also contem-

plates that the clerk of the lower courts shall make out the records and send them to this court within a reasonable time. Article 878, Code Crim. Proc. We therefore hold:

First, that the proper construction of these various statutes is that the lower courts have no power or authority to grant an extension or extensions of time beyond ninety days from the final judgment or adjournment of court, as the case may be.

Second, that where statements of facts or bills of exception in the lower court are filed after thirty days from the final judgment or adjournment for the term, as the case may be, the record itself shall show that such an extension of time was properly granted by the order of the lower court, and where beyond sixty days a like extension of time shall be shown.

It was early held by this court that if, without fault of appellant or his counsel, the appellant has been deprived of his statement of facts, the judgment will be reversed, but it must be shown that the appellant and his counsel were diligent and not at fault before this court will reverse any case on that account. Henderson v. State, 20 Texas Crim. App., 304. A long and uniform line of decisions has established that where the appellant has not shown as an affirmative fact that he was without fault in filing his statement of facts and bills of exception within the time authorized by law, that this court will neither reverse the case nor consider a statement of facts that is filed after the time allowed by law. Henderson v. State, 20 Texas Crim. App., 304; Turner v. State, 22 Texas Crim. App., 42, 2 S. W., 619; George v. State, 25 Texas Crim. App., 229-242, 8 S. W., 25; Spencer v. State, 25 Texas Crim. App., 585; Farris v. State, 26 Texas Crim. App., 105, 9 S. W., 487; Suit v. State, 30 Texas Crim. App., 319, 17 S. W., 458; Hess v. State, 30 Texas Crim. App., 477-479, 17 S. W., 1099; Aistrop v. State, 31 Texas Crim. App., 467, 20 S. W., 989; Bell v. State, 31 Texas Crim. App., 521, 21 S. W., 259; Kutch v. State, 32 Texas Crim. App., 184, 22 S. W., 594; Hutchins v. State, 33 Texas Crim. App., 298-299, 26 S. W., 399; Bryant v. State, 35 Texas Crim. App., 394, 33 S. W., 978, 36 S. W., 79; Childers v. State, 36 Texas Crim. App., 128; 35 S. W., 980; Davis v. State, 24 S. W., 651; Ranirez v. State, 40 S. W., 278; Seidel v. State, 41 S. W. 607; Davis v. State, 47 S. W., 978; Dennis v. State, 53 S. W., 111; Bailey v. State, 41 Texas Crim. Rep., 157, 53 S. W., 117.

The appellant in this case asks this court to reverse this case because he has been deprived of a statement of facts without his fault. The affidavits in this case show unquestionably that no statement of facts by the appellant or his attorney was ever claimed to have been made out until September 22 or 23, 1910. The county attorney and assistant county attorney, by their affidavits, show that it was not delivered to them by the appellant's attorneys until the last of September or first of October, 1910. The affidavits of all the parties show in effect that no statement of facts by any of the parties was ever pre-

sented to the district judge for his approval or his action. The cases cited above show, without necessity of our taking up each case and stating the facts therein, that the appellant is not without fault in presenting a statement of facts to opposing counsel or to the judge within any reasonable time, and that it is in effect exclusively thereby the fault of appellant that no statement of facts has been filed. We therefore hold that we can not reverse this case on the ground claimed by the appellant.

The record before us shows that the appellant requested one charge which was refused. His motion for new trial sets up many grounds of complaint. None of them can be considered by this court and will not be considered by this court without a statement of the facts. The indictment, the judgment and sentence, are regular, and show that the defendant is guilty as charged, and the judgment will, therefore, be in all things affirmed.

*Affirmed.*