### Abel Garza v. The State.

#### No. 1604.   Decided March 13, 1912.

**1.—Assault to Murder—Newly Discovered Evidence—Affidavit—Attorney and Client.**

Where counsel for defendant took the affidavits attached to the motion for new trial, the same can not be considered on appeal. Following Maples v. State, 60 Texas Crim. Rep., 169.

**2.—Same—Cumulative Evidence.**

Where the alleged newly discovered evidence was merely cumulative, and would not have probably changed the result and could have been known before trial, there was no error.

**3.—Same—Charge of Court—Self-Defense.**

Where, upon trial of assault with intent to murder, the court submitted a proper charge on self-defense as applied to the facts, there was no error.

**4.—Same—Preparation for Trial.**

Where the record showed that the defendant had ample time to prepare his defense and made neither a motion for continuance nor postponement, there was no error.

**5.—Same—Indictment.**

Where, upon trial of assault with intent to murder, the indictment followed approved precedent, the same was sufficient. Following Smith v. State, 31 Texas Crim. Rep., 33.

**6.—Same—Papers Dehors the Record—Practice on Appeal.**

Affidavits, certificates, and letters filed in the Appellate Court, not con-

tained in the record, which relate to matters which occurred since the trial and after adjournment, can not be considered on appeal.

**7.—Same—Charge of Court—Motion for New Trial.**

Where the court submitted all the issues arising upon the evidence and no exception was reserved thereto, either by bill or in motion for new trial, there was no error.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The State's testimony shows that the defendant bantered prosecutor for a fight, which the latter refused, when defendant took hold of him and pulled him back; that after a scuffle, prosecutor got loose and ran, and defendant ran after him, when prosecutor fell and defendant ran up and cut prosecutor several times with a knife while the latter was down, which inflicted wounds that confined him to his bed for ten days or two weeks; that the knife was such that it could have produced death.

*Selig Deutschman, S. G. Hamblen* and *Guy Cater,* for appellant.— On the question of newly discovered evidence: Covey v. State, 5 S. W. Rep., 283; Lincecum v. State, 15 S. W. Rep., 818; Young v. State, 17 S. W. Rep., 413; Gibbs v. State, 18 S. W. Rep., 88; Owens v. State, 33 S. W. Rep., 875.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of making an assault on one Ed McKenney with the intent to murder him, and his punishment assessed at five years imprisonment in the penitentiary.

Appellant insists he should be granted a new trial on account of newly discovered evidence. The attorney who represented appellant on the trial of the case, took the affidavits attached to the motion for new trial, the affidavits being made by the mother and father of appellant and Mr. Proudfoot. This court has held in an opinion by Judge Davidson (Maples v. State, 60 Texas Crim. Rep., 169), that counsel in a case can not take the affidavits of witnesses on motion for new trial, and that such affidavits when taken by counsel in the case would not constitute a legal affidavit. It does not appear from the record that any evidence was offered in support of the allegations contained in the motion, and we do not know whether or not the court heard evidence in regard to these matters on hearing the motion for new trial or not. But if we considered the affidavits attached to the motion, two of them are by the mother and father of the defendant, living in the town where appellant was on trial, and at whose house appellant made his home, and this could not be con-

sidered as newly discovered evidence. In the light of the evidence in the record, the facts stated that it was expected to be proven by them, would not probably change the result. (Burns v. State, 12 Texas Crim. App., 269; Mitchell v. State, 38 Texas Crim. Rep., 170; Barber v. State, 46 S. W. Rep., 233; Campbell v. State, 29 Texas, 490.) As to the testimony of Mr. Proudfoot, stated in the affidavit, it would be but cumulative of the testimony of Mr. J. C. Hicks, who testified on the trial, and in Riojas v. State, 36 Texas Crim. Rep., 182, this court has held that a new trial will not be granted for testimony which is merely cumulative. Evidence is cumulative which only multiplies witnesses as to one or more facts or adds other circumstances of the same general character. (Turner v. State, 37 Texas Crim. Rep., 451; Price v. State, 36 Texas Crim. Rep., 403; Hutto v. State, 7 Texas Crim. App., 44; Shultz v. State, 5 Texas Crim. App., 390; Kemp v. State, 38 Texas, 110.) As before stated, the affidavits are not in such condition that we would be authorized to act on them, but if they were in the record in condition to bring the matter before us for review, they do not present such matters as should cause a reversal of the judgment.

The ground "that the court erred in failing to charge the law of self-defense, there being ample evidence in this case to warrant the delivery of such charge," is not supported by the record. The charge as copied in the record, and verified by the court's signature, has a full and fair charge on self-defense and instructed the jury to acquit defendant if the prosecuting witness had made an attack which caused defendant to have a reasonable expectation or fear of death or serious bodily injury. Defendant testified to a direct attack, and the court submitted that issue.

The ground that the court "erred in compelling defendant to go to trial in this cause without giving him sufficient time to prepare his defense," presents no error. The offense is alleged to have occurred on April 1, and appellant was arrested that day; the indictment was returned on April 19, while the trial did not take place until May 2 following. No motion for continuance or postponement is in the record, or any fact presented in a manner we can consider it, that would authorize us to review the matter.

The ground that the indictment does not charge an offense is not well taken. The indictment reads: "That on or about April 1, 1911, in the county of Bexar and State of Texas, defendant, Abel Garza, with his malice aforethought, did unlawfully make an assault in and upon Ed McKenney, with the intent then and there to kill and murder the said Ed McKenney, contrary to the statute and against the peace and dignity of the State." This form has been frequently approved by this court. Smith v. State, 31 Texas Crim. Rep., 33, and cases cited in section 1027 of White's Ann. Penal Code.

This disposes of all grounds presented in the motion for new trial. Affidavits, certificates and letters filed in this court, and not con-

tained in the record, which relate to no matter occurring on the trial, can not be considered by us. We must pass on the case as presented by the record on appeal, and if matters have occurred since the trial of the case, and the adjournment of the term of court at which appellant was tried, our statute provides no way for such matters to be made part of the record on appeal. They may present grounds for executive clemency, but the pardoning power, or power to commute a sentence is not conferred on us, but we, under the law, only review the trial as had in the court below.

The court submitted the issues of assault to murder, aggravated assault and self-defense, and applied the doctrine of reasonable doubt as to degrees, and the whole case, and to which charge no exception was reserved either in the motion for new trial or by bill of exceptions.

The judgment is affirmed.

*Affirmed.*