ALLAN HOGAN v. THE STATE.

No. 1794. Decided May 22, 1912.

**1.—Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction, there was no error.

**2.—Same—Newly Discovered Evidence.**

·Where defendant's motion disclosed that he was aware of the absent testimony before trial, and that the same was but cumulative, there was no error in overruling the motion.

**3.—Same—Affidavit—Attorney and Client.**
    Where the affidavits attached to the motion for new trial was taken by defendant's attorney, they can not be considered on appeal. Following Maples v. State, 60 Texas Crim. Rep., 169.

Appeal from the County Court of Nacogdoches.  Tried below before the Hon. F. P. Marshall.
· Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.
The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant appeals from a conviction for unlawfully carrying a pistol.
The State's witness, Mrs. Bailey, testified: "I was at the residence of my son, and that while there appellant came into the house in his shirt sleeves; that he had on a belt and pistol scabbard, and that she saw the handle of the pistol sticking out of the scabbard; the handle of the pistol was of black substance, and the metal between the sides of the handle was bright or nickel-plated; that she was certain she saw the handle of a pistol sticking out of the scabbard.
Appellant's witnesses all admit he was wearing a belt and scabbard, but say there was no pistol in the scabbard, and numerically the number of witnesses for appellant far exceeded the number of witnesses for the State.  However, if the evidence would sustain the verdict we are not authorized to disturb it, unless it is shown to be so unreliable that no reasonable man would accept it as true.  In this case the State's witness makes a plain matter of fact statement; the jury believed her, and the trial court refused to disturb the verdict, and at this distance we can not say they were not justified in so doing.
The alleged newly discovered evidence presents no reason for a reversal of the case.  In the first place, the affidavits themselves show that appellant must have been aware of what they knew as well before as subsequent to the trial.  In the next place, they would testify as did the witnesses present—that they saw the belt and scabbard but noticed no pistol in the scabbard.  This would be but cumulative of what three or four witnesses testified on the trial.  In the third place, we would call attention to the fact that the affidavits were taken by an attorney of record in the case, and, therefore, can not be considered by this court.  Maples v. State, 60 Texas Crim. Rep., 169. ·
The judgment is affirmed.

                                                *Affirmed.*