JOE CUELLAR v. STATE.

No. 2245.    Decided February 19, 1913.

Rehearing denied March 12, 1913.

1.—Aggravated Assault—Complaint—Information.

Where the complaint and information were strictly in accordance with approved precedent, the same were sufficient.

**2.—Same—Sufficiency of the Evidence—Excessive Punishment.**

Where, upon trial of aggravated assault by an adult male upon a female, the evidence showed that defendant indecently fondled the person of the prosecutrix without her consent, the conviction was sustained and a fine of $200 and twelve months confinement in the county jail was not excessive.

**3.—Same—Newly Discovered Evidence—Affidavit—Attorney and Client.**

Where the motion for new trial was supported by affidavits made before appellant's counsel as notary public with reference to newly discovered evidence, the same could not be considered on appeal; besides, the alleged newly discovered evidence was known to or could have been known by defendant and his counsel before trial.

Appeal from the County Court of Bexar. Tried below before the Hon. P. H. Shook.

Appeal from a conviction of aggravated assault; penalty, a fine of $200 and twelve months confinement in the county jail.

The opinion states the case.

*Leonard Brown*, for appellant.—On question of insufficiency of the evidence: Crawford v. State, 1 S. W. Rep., 447; Chambless v. State, 79 S. W. Rep., 577; Lee v. State, 85 S. W. Rep., 798.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant appeals from a conviction for aggravated assault with a penalty of a fine of $200 and 12 months in jail.

The complaint and information are strictly in accordance with the statute and with the forms laid down by Judge White in his Annotated Code, and many times approved by this court.

The main contention is that the evidence is insufficient to sustain the judgment and that the penalty is excessive. The statute authorizes a fine for this offense of not less than $25 nor more than $1,000, or imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment.

There were but two witnesses—Mrs. Ollie Stevens, the complaining witness, and the appellant himself. After testifying that her name was Mrs. Ollie Stevens, that she lived in San Antonio, knew appellant by sight, and pointing him out, she testified: "On August 22nd, 1912, I went in the Empire Theater in San Antonio, Bexar Co., Texas, to watch the moving pictures. I took a seat in the last row of seats in the house. My little boy was sitting next to me. The defendant came back of the chair where I was sitting, and leaned over the back of my chair, put one arm on the top of the back of the chair, and put his other arm and hand through the space between the chair I was sitting on and the next chair, and he ran his hand across my back, waist and hip (the witness here indicated by running her hand below her hips). Just as I felt his hand on me, I reached back and felt his hand. I caught his hand and turned around to him and said: 'You stinking

pup, take your hand away.' He took his hand away and ran away and left his hat. That was the first time I ever saw the defendant. There was a picture on the canvass at the time. It was not very dark; it was light enough to see distinctly. It was not his foot that touched me, it was his hand, because I reached back and felt it. I can tell the difference between a hand and a foot; it was his hand I felt."

Appellant testified that he was in the employ of said theater at the time as extra film operator. He identified Mrs. Stevens and the time and place and circumstance of the alleged assault. He admitted she was sitting where she claimed she was; that he took a position back of her to watch the moving pictures; that he put his foot in between two chairs, resting his arms on the back of her chair; that when he had his hands on the seat occupied by her she turned around and said "take your hands away"; that he did not touch her with his hands; that he had his foot between the two seats and was moving it a little and that he might have touched her with his foot. He claimed that he did not run away, but that he went upstairs to talk to the operator, stayed there a little while, went back and got his hat and went out; that he intended no harm to her.

The court heard these witnesses testify and saw them and their manner, etc., when testifying. He, under the circumstances, is much better qualified to determine their veracity and the weight of their evidence and the punishment that should be meted out to the appellant than this court could possibly be. It is common knowledge that ladies without a male attendant, and sometimes only with their children, attend the picture shows such as Mrs. Stevens was attending. Certainly the courts ought, by imposing a sufficient penalty, punish any employe of such show who, without occasion and without the slightest justification, insults and commits an assault and battery, such as the evidence shows was done in this case, in order to deter others, as well as punish the one committing such an offense. In our opinion the evidence is amply sufficient to sustain the conviction, and we would not be justified in reversing the judgment, because the Judge, under the circumstances, imposed the penalty he did.

One ground of appellant's motion for new trial was his claimed newly discovered evidence. All of the affidavits attempting to show this by the witnesses was sworn to before appellant's attorney. This court has uniformly and in many decisions held it would not and could not consider affidavits so made. Maples v. States, 60 Texas Crim. Rep., 69; Scott v. State, 65 Tex. Crim. Rep., 40; 143 S. W. Rep., 610; Patterson v. State, 63 Texas Crim. Rep., 297. But even if we could consider this question, the affidavits clearly show that the claimed evidence was not newly discovered. Appellant testified that the space between the chairs where Mrs. Stevens was sitting was too small to permit him to run his hand between them and put it on her and undertake to fondle her as she claimed. The fact that other witnesses since the trial had gone and examined the chairs and would

testify to the same thing, therefore, could not be newly discovered evidence. Besides, the claimed newly discovered evidence and motion in no way complies with the law. Gray v. State, 65 Tex. Crim. Rep., 204; 144 S. W. Rep., 283.

We have considered all of appellant's grounds and his brief presented, and no reversible error is shown.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 12, 1913.—Reporter.]