### MIKE PETERS V. STATE.

#### No. 2343.   Decided March 12, 1913.

**1.—Murder—Evidence—Bill of Exceptions—Clothes of Deceased.**

Where, upon trial of murder, the clothes of deceased were introduced in evidence to illustrate a point in the case, there was no error.

**2.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of murder, the court refused to admit testimony about deceased's having been once confined in the penitentiary and no bill of exceptions was reserved, the same could not be considered on appeal.

**3.—Same—Charge of Court—Murder in the First Degree.**

Where, upon trial of murder, the evidence raised the issue of murder in the first degree, the court correctly submitted the same to the jury.

**4.—Same—Attorney—and Client—Affidavit—Newly Discovered Evidence.**

Where, upon appeal from a conviction of murder, the defendant claimed newly discovered evidence, but the affidavit of appellant was made before his counsel, the same could not be considered; besides, the alleged testimony could not have produced a different result.   Following Maples v. State, 60 Texas Crim. Rep., 169.

Appeal from the District Court of El Paso.   Tried below before the Hon. Jas. R. Harper.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The State's evidence showed the parties lived near each other in the City of El Paso; that some misunderstanding, resulting from a rumor, that the deceased had made disparaging remarks about the defendant terminated in a wordy altercation between the parties near their premises; that defendant called deceased a liar, etc., deceased replying that if defendant would come outside of the fence, he would whip him with his hands; and that thereupon, defendant shot him three times, which resulted in deceased's death, who was unarmed at the time.

The defendant's testimony claimed that the deceased made an attack upon him and that he shot him in self-defense, thinking that deceased had a gun.

*Chas. Owen* and *Juan Larazola*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder in the first degree and his punishment assessed at imprisonment for life.

The first two grounds in the motion for new trial, complaining of the action of the court in admitting the garments worn by deceased at the time he was killed, in evidence, and rejecting certain testimony about deceased having once been confined in the Arkansas

penitentiary, can not be considered, as no bills of exceptions were reserved. If bill had been reserved, the garments worn by deceased at the time of the homicide are always admissible if they serve to illustrate any point in the case, and under the evidence the clothing was properly admitted. And it is not shown in the motion at what time deceased was confined in the penitentiary, if he ever was, as presented, if a bill had been reserved, we could not say the court erred in the matter.

The evidence raised the issue of murder in the first degree, and the court did not err in submitting that degree of homicide to the jury.

The only other ground in the motion alleges newly discovered evidence. The affidavit was made before appellant's counsel. It has been the unbroken rule of decision in this court and the Supreme Court, that counsel in the case can not take such affidavits. Therefore, this is not presented in a way we can review the action of the court. (Maples v. The State, 60 Texas Crim. Rep., 169.) And we think this rule a sound one which will appeal to the judgment of all lawyers. Such affidavits ought to be made before wholly disinterested parties. But we have read the affidavit, and it is shown that the witness would testify that he was driving a wagon near the scene of the homicide, and heard quarreling. That he saw deceased come out of his house and walk towards the point where appellant was standing; that deceased had no weapons of any character, but when he got near the porch on which appellant was standing, appellant shot him, and continued to do so as he staggered and turned away. This testimony, in the light of the testimony of those who were present and witnessed the entire difficulty, and heard all the remarks, could not and would not have produced a different result had the testimony been introduced on the trial. It is proven beyond question that deceased was unarmed at the time he was killed and appellant admits that his mind was calm and sedate at the time he shot.

The judgment is affirmed.

*Affirmed.*