### GERTRUDE GORDON V. THE STATE.

#### No. 2919.    Decided December 23, 1913.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence sustained the conviction, there was no error.

**2.—Same—Newly Discovered Evidence—Affidavits—Attorney and Client.**

Where the affidavits supporting a motion for new trial on account of newly discovered evidence were sworn to before appellant's attorney, they can not be considered on appeal. Following Maples v. State, 60 Texas Crim. Rep., 169, and other cases; besides, the affidavits were insufficient in other respects.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The State's case showed that defendant entered the room of prosecuting witness and asked her what she was doing talking to her husband, and immediately began cutting her with a razor, inflicting several wounds upon prosecuting witness on different parts of her body, which had to be stitched up; that defendant kept on using the razor to cut the witness until the latter caught the razor and broke the handle out of it.

The defendant denied using the razor on prosecuting witness, but contended that the latter took the razor from her and commenced cutting her.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to kill and murder, and her penalty fixed at the lowest prescribed by law.

There are but two questions raised, and they were raised by appellant's motion for a new trial. The first is, she complains that "the evidence is wholly insufficient to support the verdict of the jury and judgment herein." This is in no way pressed by the motion for new trial or otherwise. We have carefully read the evidence. It is unnecessary to state it. It clearly and amply sustains the verdict and judgment.

The second ground is claimed newly discovered evidence. This is attempted to be supported by the pretended affidavits of three persons. The State, on the hearing of the motion, proved that each of these affidavits were sworn to before appellant's attorney. This would make the affidavits illegal, or rather, because thereof they can not be considered as affidavits at all. This has repeatedly been decided by this court. Maples v. State, 60 Texas Crim. Rep., 169; Patterson v. State, 63 Texas Crim. Rep., 297, and many other cases unnecessary to cite. Besides this, if the affidavits could be considered, they are wholly lack-

ing in every particular under the statute, article 837, subdivision 6, Code Criminal Procedure and the requisites thereof, shown by Judge White and his citation of authorities under said article in section 1149 of his Ann. Code Criminal Procedure.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.