W. M. HART v. THE STATE.

No. 5664. Decided February 18, 1920.

1.—Embezzlement—Bills of Exception—Time of Filing.

Under the statute bills of exception must be filed within thirty days after the final judgment, which is the sentence, and where this is not done the same cannot be considered on appeal, and where some of the bills

of exception presented misconduct of the jury they must be filed before adjournment of the court.

### 2.—Same—Statement of Facts—Stenographer—Mandamus—Bills of Exception.

Where appellant claimed that he repeatedly applied to the official court stenographer for a statement of facts and was informed by him that he would furnish same in ample time, but that he was not so furnished with one, either as to the testimony on trial or upon the motion for new trial for the misconduct of the jury, but he failed to apply for a mandamus in time to compel a transcript of said testimony in order that he might prepare his bills of exception, the same shows a lack of diligence and said bills of exception cannot be considered although the court extended the time of filing after the same had expired. Following: Peddy v. State, 63 Texas Crim. Rep., 483, and other cases.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of embezzlement, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson, judge.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of embezzlement and allotted a term of two years in the penitentiary.

There is a motion to strike out the bills of exception. The record discloses that the court convened on August 4, 1919, and adjourned on November 1, 1919. Sentence was pronounced on September 27, 1919. This would show that the court continued in session something like three months. Under the statute appellant would be required to file his bills of exception within thirty days after the final judgment, which is the sentence, and this was pronounced on the 27th of September. The bills of exception were not filed within that time, nor until November 25th. On October 31st appellant applied for an extension of time. In this he alleges that when defendant's motion for a new trial was overruled he placed an order with the official stenographer for a statement of facts in question and answer form as well as narrative form, and requested the testimony of the jurymen on the hearing of the motion for a new trial as to the misconduct of the jury, which was set up in said motion. Since said time counsel for defendant has repeatedly asked the official court stenographer for said record, and he has been informed by him that he was busy with other matter, and that he had plenty of time in

which to give the statement of facts to appellant's counsel, and that
he would watch the time and see that the defendant was protected.
That up to the time of filing this motion, which was October 31,
the defendant has been unable to get the statement of facts, as well
as the testimony of the jury on the trial of the afore-mentioned
motion for a new trial, and in view of the facts herein stated the
defendant is unable to file a statement of facts or his bills of ex-
ception, and by reason hereof asks the court to allow him thirty
days from and after the adjournment of court in which to file the
statement of facts and bills of exception. The court says that
on the 31st day of October the motion of appellant's counsel was
presented requesting the court to extend the time in which to file
statement of facts and bills of exception, giving as his reasons those
set out in the motion above mentioned. He further states this
motion was presented to the court more than forty days after the
motion for new trial was overruled, and the term of the Criminal
District Court of Harris County continued for more than eight weeks,
to-wit: three months, and the court was of opinion he could not at
that time extend the time that had already expired under he law,
but being desirous of having the higher court pass upon the case
with the facts before them, the court here and now grants the motion
to extend the time of filing the statement of facts and bills of ex-
ception for thirty days from October 31st. The court further stated
in this connection that he was of opinion that the delay in filing
the statement of facts and bills of exception is the fault of the
stenographer.

This is the condition of this matter as presented by the record.
We are of opinion the State's motion must be sustained. If the
stenographer was at fault, as certified by the judge, and as stated
by appellant's counsel in his motion, then it became obligatory upon
the appellant to apply for mandamus in time to compel a transcript
of the testimony in order that he might prepare his bills of exception.
In the absence of some effort of that character, it shows a lack
of diligence. Peddy v. State, 63 Texas Crim. Rep., 483; Roberts
v. State, 62 Texas Crim. Rep., 7. There was no attempt to compel
the stenographer to do the work within the time allowed, and ap-
pellant was not justified in relying upon such promises of the stenog-
rapher as mentioned in the motion. It is also the rule by various
decisions that where an extension of time is desired, that the motion
must be made within the time allowed. If the time originally allowed
either by law or on request should have expired, and a subsequent
order is asked after the expiration of such time, it will not be legally
sufficient. Roberts v. State, 62 Texas Crim. Rep., 7; Griffin v.
State, 59 Texas Crim. Rep., 424; Armstrong v. State, 60 Texas
Crim. Rep., 59; Pecos & N. T. Ry. Co. v. Cox, 104 Texas 556;
Glasper v. State, 76 Texas Crim. Rep., 310. It will be observed that
the request for an extension of time occurred over thirty days

after the overruling of the motion for new trial and sentence was pronounced. This being a term in excess of eight weeks, the diligence began from the time of sentence in which the convicted party might file his bills of exception. Where this is not done, or could not be done, and time is desired, the request to the court should be made within thirty days from the time of the final judgment. In this case this occurred on the 27th of September, and the request for extension of time was made on the 31st of October, which would be beyond thirty days. The bills of exception were in fact filed on the 25th of November. Under the authorities the motion to eliminate the bills of exception from consideration must be sustained. These bills cover various questions, and among others misconduct of the jury. This bill of exception is in the same condition as the others, and was not filed until sometime after the adjournment of court. Under the uniform rule of decision it is necessary to file statement of facts and bills of exception, with reference to matters developed upon the motion for new trial, before the term adjourns. The motion for new trial was controverted by the State.

The only remaining question is the alleged insufficiency of the evidence. It would be of no practical value to discuss this phase of the case. We think the evidence is sufficient to justify the verdict of the jury, showing that appellant as proper officer of the Teolin Pillot Company received a check for $155.24 for the benefit of his company, and appropriated this money to his own use and benefit. The indictment contained two counts charging him with embezzlement of the check, and with embezzlement of the money collected for his company. Appellant offered no evidence. The case went to the jury on the testimony for the State. We think it was sufficient to justify their verdict.

The judgment will be affirmed.

*Affirmed.*