# APRIL, 1922.

JOHN L. NOTHAF v. THE STATE.

No. 6429.   Decided January 11, 1922.

Rehearing Denied April 5, 1922.

**1.—Robbery—Bill of Exceptions—Practice on Appeal—Extension of Time.**

Whether in the instant case the court had the power to make the extension after the thirty days, it is not necessary to decide, for the reason that giving the extension full scope, the bills were not filed in time, and therefore cannot be considered on appeal in the absence of some sufficient reason for the delay.   Following Roberts v. State, 62 Texas Crim. Rep., 7, and other cases.

**2.—Same—Newly Discovered Evidence—Rule Stated—Affidavit.**

The motion for new trial on the ground of newly discovered evidence must be sworn to by the accused, and such affidavit cannot be taken by the attorney of the accused.   But even if the affidavits attached to the motion were available, they are inadequate to overcome the presumption in favor of the correctness of the court's action in overruling the motion in the instant case, and there is no reversible error.

**3.—Same—Affidavit—Newly Discovered Evidence—Practice on Appeal.**

The ground for the motion for new trial to which the affidavit mentioned relates, with reference to denial of counsel's privilege to interview his client, was controverted and evidence heard, and in the absence of such testimony it must be assumed that the court's ruling was correct in overruling the motion.

**4.—Same—Attorney and Client—Constitutional Law.**

The right of counsel to consult and communicate with his client is guaranteed by the Constitution, and in a proper case would be adequate reason for a reversal, but in the absence of evidence on the trial, the same cannot be considered on appeal.

**5.—Same—Rehearing—Bill of Exceptions—Rule Stated—Filing.**

Where, upon an appeal from a conviction of robbery, it was decided that defendant's bills of exception were filed too late, this court, after again reviewing the record, confirms its original opinion that they were filed too late, and the fact that they were simply tendered to the clerk, without approval of the court, does not alter our ruling, there being no reasonable excuse for the delay.   And this court cannot vary the statutory ruling to fit a given case.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of robbery; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Jno. T. Spann,* for appellant.—On question of attorney and client: Hamilton v. State, 153 S. W. Rep., 331; Daugherty v. State, 26 id., 60.

On question of filing bill of exceptions: Johnson v. State, 159 S. W. Rep., 848; Jones v. State, 165 id., 144; Solis v. State, 174 id., 343.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of bills of exception: Glasper v. State, 174 S. W. Rep., 585; Hart v. State, 218 id., 1054.

MORROW, PRESIDING JUDGE.—The offense is robbery; punishment fixed at confinement in the penitentiary for a period of twenty years.

The state, through the Assistant Attorney General, challenges the authority of the court to consider appellant's bills of exceptions. They reached the trial judge on the 13th of June and were then approved. Appellant's counsel, on the day previous, which was Sunday, notified the Clerk of the Court that he had completed the bills. The final judgment was entered on March 29th, and it thus appears that the bills were given the judge for approval on the seventy-sixth day thereafter. The court was permitted to last more than eight weeks, and the law allowed thirty days after final judgment within which to file the bills. It also allowed an extension of time by an order entered of record. Code of Crim. Proc., Art. 845. The only extension order found in the record is the one made on the 13th of May, extending the time thirty days from that date. There having been made and entered of record no order of extension within the thirty days allowed by law for filing bills of exceptions, there arises a question whether the order could lawfully be made after that date. Upon this subject the precedents are not clear. See Hart v. State, 86 Texas Crim. Rep. 655; Roberts v. State, 62 Texas Crim. Rep. 9; Pecos & N. T. Ry. Co. v. Cox, 104 Texas Rep. 556; Couturie v. Crispi, 103 Texas, 554; 130 S. W. Rep. 403; Hamill v. Samuels, 104 Texas, 46; 133 S. W. Rep. 419. Whether in the instant case the court had the power to make the extension it is not necessary to decide for the reason that giving the extension full scope, the bills were not filed in time. They were not tendered to the Clerk until at least one day after the extension order expired, and they were incomplete for want of the approval of the judge. The trial judge promptly acted upon them on the seventy-sixth day, stating that he approved the bills and left the question as to whether they should be considered to the appellate court. In the absence of some sufficient reason for the delay, this court cannot consider bills of exceptions that are not filed within the time prescribed by the law of the state. Roberts v. State, 62 Texas Crim. Rep. 7; Griffin v. State, 59 Texas Crim. Rep. 424; Arm-

strong v. State, 60 Texas Crim. Rep. 59; Hart v. State, 86 Texas Crim. Rep. 655.

A new trial was applied for because of newly discovered evidence. This is a statutory ground. Code of Crim. Proc., Art. 837, subdivision 6. To make it available, it must be shown: (a) That the evidence was unknown to the appellant before the trial. (b) That his failure to discover it was not due to his want of diligence. (c) That its materiality was such as would probably upon another trial bring about a different result. (d) Generally, that it was competent and not merely cumulative, corroborative, collateral, or impeaching. See Terry v. State, 3 Texas Crim. App. 236; Duval v. State, 8 Texas Crim. App. 370; White v. State, 10 Texas Crim. App. 167; Fisher v. State, 30 Texas Crim. App. 502; O'Hara v. State, 57 Texas Crim. Rep. 581, and other cases in Vernon's Texas Crim. Stat., Vol. 2, p. 777, note 1.

Preliminary to an inquiry into the merits of the motion, based upon this ground, certain requisites are essential to require its consideration. First, it must be sworn to by the accused. Campbell v. State, 29 Texas Rep. 491; Love v. State, 3 Texas Crim. App. 501; West v. State, 2 Texas Crim. App. 209; Branch's Ann. Texas Penal Code, Sections 193 and 195. In the instant case, the motion for new trial is not sworn to by the appellant. Second, the motion must be accompanied by supporting affidavits properly verified by an officer authorized to administer oaths other than the attorney for the accused. West v. State, 2 Texas Crim. App. 209; Gross v. State, 4 Texas Crim. App. 249; Garza v. State, 65 Texas Crim. Rep., 476; 145 S. W. Rep. 591; Hogan v. State, 66 Texas Crim. Rep. 498; 147 S. W. Rep. 871; Cuellar v. State, 69 Texas Crim. Rep., 155; 154 S. W. Rep. 228; Peters v. State, 69 Texas Crim. Rep., 561; 155 S. W. Rep. 212; Gordon v. State, 72 Texas Crim. Rep. 285; 162 S. W. Rep. 522; Burnett v. State, 73 Texas Crim. Rep. 477; 165 S. W. Rep. 581; Branch's Ann. Texas Penal Code, Sec. 195. Accompanying the motion are several affidavits. The oath to all of those purporting to reveal new evidence was made before the attorney for the accused, the only exception being the affidavit of the attorney bearing upon another and different phase or subdivision of the motion.

Even if the affidavits intended to show that newly discovered evidence was available, they are inadequate to overcome the presumption in favor of the correctness of the court's action in overruling the motion. The evidence shows that G. B. Brannon was robbed. Appellant was identified by Brannon as one of his assailants. There were two of them, the appellant being the larger, and a smaller man. The occurrence took place about 6:30 o'clock in the evening at the laundry belonging to Brannon, situated in the city of Dallas. Two other persons who were in the room with Brannon at the time of the robbery testified to the identity of the appellant, and another who was present testified that he answered the description that he held in his

mind as one of the assailants of Brannon. None of the witnesses were previously acquainted with either the appellant or his alleged companion, Williams.

The only affidavit attached to the motion for new trial which, in a legal sense, bears upon the issue of the appellant's identity is that of Jim Thomas, which appears to have been made on the 30th day of March, which was the day after the motion for new trial was overruled. If it be assumed that it was considered by the court, its purport was to show that the witness was on the street on the evening that the robbery is charged to have taken place; that he saw two men near the laundry of Brannon and saw them enter an automobile and speed away, and one of them say: "Tom, for God's sake, hurry." One was a large middle-aged man, and the other a small young man; that by reports of the trial, he was afterwards attracted to the court and recognized Frank Williams, who seems also to have been charged with the offense, as the smaller and younger man, but declared that the appellant was not the other. Other affidavits contained averments that Frank Williams, after his arrest, had made declarations which exculpated the appellant. Williams did not testify and his declarations would not have been admissible as original evidence in favor of the appellant. Brown v. State, 3 Texas Crim. App. 617; Holt v. State, 9 Texas Crim. App. 571; Walsh v. State, 85 Texas Crim. Rep. 215; Horton v. State, 24 S. W. Rep. 28; Hodge v. State, 64 S. W. Rep. 242.

The circumstances detailed in the Thomas affidavit, while material, were not of such character, in view of the other testimony, in the case, as would authorize this court to decide that in overruling the motion for new trial the court abused its discretion. See Vernon's Texas Crim. Statutes, Vol. 2, p. 786, note 11, and cases there listed.

The absence of the affidavit of the appellant attached to the motion showing his lack of knowledge of the newly discovered evidence, the requisite of diligence is not complied with. Branch's Ann. Texas Penal Code, Sec. 198 and cases there listed. It seems that in addition to the affidavits which have been mentioned, there was testimony heard on the motion for new trial. It cannot be considered in support of it for the reason that it was not filed during the term of court at which the case is tried. The necessity that this be done has been repeatedly declared. See Black v. State, 41 Texas Crim. Rep. 185.

The offense took place on the 13th of January. There is attached to appellant's motion for new trial an affidavit by his attorney to the effect that he for a time was denied the privilege of a conference with appellant; that he was called on the 11th day of February at two o'clock in the afternoon and was denied an interview upon the statement that the sheriff had interdicted it. We gather from his affidavit that he was not permitted to see the appellant until the 13th of Febru-

ary. The case was set for the 17th. The attorney at the time had not been employed and was not employed until the day of the trial. In the affidavit it is stated that a motion for postponement of the trial was filed. The motion for postponement or continuance is one of the matters which could only be considered if brought up by bills of exceptions. Nelson v. State, 1 Texas Crim. App. 41, and other cases Collated in Branch's Ann. Texas Penal Code, Sec. 304.

The ground for the motion for new trial to which the affidavit mentioned relates appears to have been controverted, and evidence heard. In the absence of the evidence, the law compels this court to assume that the ruling in favor of the state upon the issue joined was supported by the facts proved. We cannot consider the evidence for the reason that it was not preserved and filed during the term.

The right of counsel is guaranteed by the Constitution. Art. 1, Sec. 10. It is a penal offense for an officer in whose custody a prisoner is placed to impair the exercise of this privilege by wilfully preventing his consultation and communication with his counsel, (Penal Code, Article 1046), and in a proper case would be adequate reason for reversing the judgment. Hamilton v. State, 68 Tex Crim. Rep., 419; 153 S. W. Rep. 336; Corpus Juris, Vol. 16, p. 821; State v. Davis, 9 Okla. Crim. 94. For the reasons stated, the matter is not before the court in the present case.

The evidence is sufficient, and no matters authorizing a reversal are brought up for review.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 5, 1922.

LATTIMORE, Judge.—We regret that we cannot agree with appellant's contention set forth in his motion for rehearing. According to the record before us the trial term ended April 2, 1921. Under our statute bills of exception should have been filed within thirty days. Article 845, Vernon's C. C. P. No order granting a longer time for such filing appears in the record, but in his qualification to a bill of exceptions the trial court states that he granted appellant until May 13th for such filing. The record further reflects the fact that on May 13th, 1921, appellant asked further extension of such time and that the trial court made an order as follows: "It is ordered by the court that this defendant be and he is hereby allowed thirty days from and after this date in which to file statement of facts and bills of exception in this case."

Taking it for granted that the statement of the court appended to said bill of exceptions is the truth and that the order just mentioned was made within the original time limit fixed by the trial court, still in order to justify us in considering the bills of exceptions they must

have been filed within thirty days after May 13th. They were not. Said thirty day extension ended June 12th. The bills of exception were not filed till later. The fact that they were tendered to the clerk on the 12th would not help matters. They were not then approved by the trial court and could not have had legal effect as bills of exception had the clerk filed them on the 12th. The trial court appears to have been away from home on June 12th, but no sort of reasonable excuse appears for failure to have presented said bills of exception to said court at an earlier date. This court cannot vary well known and statutory rules to fit given cases. If it should do so, there would be an end of rules and the feelings or wishes of this court in any particular cases would be substituted for rules. The profession and litigants would be afloat upon an uncharted sea.

The motion for rehearing will be overruled.

*Overruled.*