**NOTHAF v. STATE. (No. 6429.)**

(Court of Criminal Appeals of Texas. Jan. 11, 1922. Rehearing Denied April 5, 1922.)

**1. Criminal law ☞1092(9)—Bills of exception not approved within extended time cannot be considered.**

Where the trial court, in pursuance of Code Cr. Proc. 1911, art. 845, on May 13th extended the time of filing bills of exception 30 days from that date, bills of exception offered to the clerk on June 12th, incomplete for want of the approval of the judge, although approved by the judge on June 13th, were not filed within the time limited, and, in the absence of a

sufficient reason for delay, cannot be considered.

**2. Criminal law ☞938(1)—Requisites of application for new trial on ground of newly discovered evidence stated.**

To make an application for a new trial on account of newly discovered evidence available, in pursuance of Code Cr. Proc. 1911, art. 837, subd. 6, it must be shown that the evidence was unknown to the defendant before the trial, that his failure to discover it was not due to want of diligence, that it would probably upon another trial bring about a different result, and that it was competent and not merely cumulative, corroborative, collateral, or impeaching.

**3. Criminal law ☞949(2), 958(6)—Motion for new trial should be sworn to by accused; affidavits for new trial on ground of newly discovered evidence should not be made before defendant's attorney.**

A motion for a new trial on the ground of newly discovered evidence not sworn to by accused and accompanied by affidavits made before defendant's attorney, cannot be considered, and the accompanying affidavits supporting it must be properly verified by an officer authorized to administer oaths other than the attorney for the accused.

**4. Criminal law ☞1144(18)—Affidavits held insufficient to overcome presumption of correctness of overruling motion for new trial.**

In a prosecution for robbery, affidavits filed on motion for a new trial on the ground of newly discovered evidence *held* insufficient to overcome presumption of correctness in overruling the motion.

**5. Criminal law ☞940—Declaration made after arrest by an accomplice exculpating defendant not admissible on part of accused.**

In a prosecution for robbery, newly discovered evidence presented in an affidavit for new trial that another arrested in connection with the same offense made declarations. which exculpated defendant would not have been admissible as original evidence in favor of defendant.

**6. Criminal law ☞1134(2)—Evidence in support of motion for new trial cannot be considered if not filed at term when case was tried.**

Testimony heard on. a motion for a new trial on the ground of newly discovered evidence cannot be considered on appeal where it was not filed during the term at which the case was tried.

**7. Criminal law ☞1090(7)—Motion for continuance considered only if brought up by bills of exception.**

A motion for postponement or continuance can be considered only if brought up by bills of exception.

**8. Criminal law ☞1144(18)—In absence of evidence on motion for new trial, assumed on appeal that ruling was supported by facts.**

Where a motion for a new trial was made on the ground of overruling a motion for a

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

postponement because defendant was prevented from seeing his attorney by the sheriff, was controverted, and evidence heard, on failure to present the evidence on appeal it is assumed that the ruling in favor of the state upon the issue was supported by the facts.

**9. Criminal law ⬅️1134(2)—Evidence on motion for postponement not preserved and filed during term not considered on appeal.**

Where evidence on a motion for postponement was not preserved and filed during the term, it cannot be considered on appeal.

**10. Criminal law ⬅️641(1)—Refusal to let defendant see counsel is ground for reversal in a proper case.**

Const. art. 1, § 10, guarantees the right of counsel, and Pen. Code 1911, art. 1046, makes it a penal offense for an officer having charge of a prisoner to willfully prevent consultation and communication with his counsel, and the refusal by officers in charge of a prisoner to let him see counsel is an adequate reason for reversal in a proper case.

On Motion for Rehearing.

**11. Criminal law ⬅️1092(8)—Bill of exceptions not filed within time allowed not considered although judge was absent on last day.**

In a prosecution for robbery, where time for filing bills of exception was extended 30 days from May 13th, the tender of bills of exception to the clerk on June 12th without being approved by the judge was not a compliance with the order, and the fact that the judge was absent from home on June 12th does not excuse noncompliance with the order, since there was opportunity to present them at an earlier date.

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

John L. Nothaf was convicted of robbery, and he appeals. Affirmed.

John T. Spann, of Dallas, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The offense is robbery; punishment fixed at confinement in the penitentiary for a period of 20 years.

[1] The state, through the Assistant Attorney General, challenges the authority of the court to consider appellant's bills of exceptions. They reached the trial judge on the 13th of June, and were then approved. Appellant's counsel, on the day previous, which was Sunday, notified the clerk of the court that he had completed the bills. The final judgment was entered on March 29th, and it thus appears that the bills were given the judge for approval on the seventy-sixth day thereafter. The court was permitted to last more than 8 weeks, and the law allowed 30 days after final judgment within which to file the bills. It also allowed an extension of time by an order entered of record. Code Crim. Proc. art. 845. The only extension order found in the record is the one made on the 13th of May, extending the time 30 days from that date. There having been made and entered of record no order of extension within the 30 days allowed by law for filing bills of exceptions, there arises a question whether the order could lawfully be made after that date. Upon this subject the precedents are not clear. See Hart v. State, 86 Tex. Cr. R. 655, 218 S. W. 1054; Roberts v. State, 62 Tex. Cr. R. 9, 136 S. W. 483; Pecos & N. T. Ry. Co. v. Cox, 104 Tex. 556, 140 S. W. 1078; Couturie v. Crespi, 103 Tex. 554, 131 S. W. 403; Hamill v. Samuels, 104 Tex. 46, 133 S. W. 419. Whether in the instant case the court had the power to make the extension is not necessary to decide, for the reason that, giving the extension full scope, the bills were not filed in time. They were not tendered to the clerk until at least one day after the extension order expired, and they were incomplete for want of the approval of the judge. The trial judge promptly acted upon them on the seventy-sixth day, stating that he approved the bills and left the question as to whether they should be considered to the appellate court. In the absence of some sufficient reason for the delay, this court cannot consider bills of exceptions that are not filed within the time prescribed by the law of the state. Roberts v. State, 62 Tex. Cr. R. 7, 136 S. W. 483; Griffin v. State, 59 Tex. Cr. R. 424, 128 S. W. 1134; Armstrong v. State, 60 Tex. Cr. R. 59, 130 S. W. 1011; Hart v. State, 86 Tex. Cr. R. 655, 218 S. W. 1054.

[2] A new trial was applied for because of newly discovered evidence. This is a statutory ground. Code of Crim. Proc. art. 837, subd. 6. To make it available, it must be shown: (a) That the evidence was unknown to the appellant before the trial; (b) that his failure to discover it was not due to his want of diligence; (c) that its materiality was such as would probably upon another trial bring about a different result; (d) generally, that it was competent, and not merely cumulative, corroborative, collateral, or impeaching. See Terry v. State, 3 Tex. App. 236; Duval v. State, 8 Tex. App. 370; White v. State, 10 Tex. App. 167; Fisher v. State, 30 Tex. App. 502, 18 S. W. 90; O'Hara v. State, 57 Tex. Cr. R. 581, 124 S. W. 95, and other cases in 2 Vernon's Texas Crim. Statutes, p. 777, note 1.

[3] Preliminary to an inquiry into the merits of the motion based upon this ground, certain requisites are essential to require its consideration. First, it must be sworn to by the accused. Campbell v. State, 29 Tex. 491; Love v. State, 3 Tex. App. 501; West v. State, 2 Tex. App. 209; Branch's Ann. Texas Penal Code, §§ 193 and 195. In the instant

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

case, the motion for new trial is not sworn to by the appellant. Second, the motion must be accompanied by supporting affidavits properly verified by an officer authorized to administer oaths other than the attorney for the accused. West v. State, 2 Tex. App. 209; Gross v. State, 4 Tex. App. 249; Garza v. State, 65 Tex. Cr. R. 476, 145 S. W. 591; Hogan v. State, 66 Tex. Cr. R. 498, 147 S. W. 871; Cuellar v. State, 69 Tex. Cr. R. 155, 154 S. W. 228; Peters v. State, 69 Tex. Cr. R. 561, 155 S. W. 212; Gordon v. State, 72 Tex. Cr. R. 285, 162 S. W. 522; Burnett v. State, 73 Tex. Cr. R. 477, 165 S. W. 581; Branch's Ann. Texas Penal Code, § 195. Accompanying the motion are several affidavits. The oath to all of those purporting to reveal new evidence was made before the attorney for the accused, the only exception being the affidavit of the attorney bearing upon another and different phase or subdivision of the motion.

[4] Even if the affidavits intended to show that newly discovered evidence was available, they are inadequate to overcome the presumption in favor of the correctness of the court's action in overruling the motion. The evidence shows that G. B. Brannon was robbed. Appellant was identified by Brannon as one of his assailants. There were two of them, the appellant, being the larger, and a smaller man. The occurrence took place about 6:30 o'clock in the evening at the laundry belonging to Brannon, situated in the city of Dallas. Two other persons who were in the room with Brannon at the time of the robbery testified to the identity of the appellant, and another who was present testified that he answered the description that he held in his mind as one of the assailants of Brannon. None of the witnesses were previously acquainted with either the appellant or his alleged companion, Williams.

[5] The only affidavit attached to the motion for new trial which, in a legal sense, bears upon the issue of the appellant's identity is that of Jim Thomas, which appears to have been made on the 30th day of March, which was the day after the motion for new trial was overruled. If it be assumed that it was considered by the court, its purport was to show that the witness was on the street on the evening that the robbery is charged to have taken place; that he saw two men near the laundry of Brannon, and saw them enter an automobile and speed away, and one of them say, "Tom, for God's sake, hurry;" one was a large middle-aged man, and the other a small young man; that by reports of the trial he was afterwards attracted to the court, and recognized Frank Williams, who seems also to have been charged with the offense, as the smaller and younger man, but declared that the appellant was not the other. Other affidavits contained averments that Frank Williams, after his arrest, had made declarations which exculpated the appellant. Williams did not testify, and his declarations would not have been admissible as original evidence in favor of the appellant. Bowen v. State, 3 Tex. App. 617; Holt v. State, 9 Tex. App. 571; Walsh v. State, 85 Tex. Cr. R. 215, 211 S. W. 241; Horton v. State (Tex. Cr. App.) 24 S. W. 28; Hodge v. State (Tex. Cr. App.) 64 S. W. 242.

The circumstances detailed in the Thomas affidavit, while material, were not of such character, in view of the other testimony in the case, as would authorize this court to decide that in overruling the motion for new trial the court abused its discretion. See 2 Vernon's Texas Crim. Statutes, p. 786, note 11; and cases there listed.

[6] The absence of the affidavit of the appellant attached to the motion showing his lack of knowledge of the newly discovered evidence, the requisite of diligence is not complied with. Branch's Ann. Texas Penal Code, § 198, and cases there listed. It seems that, in addition to the affidavits which have been mentioned, there was testimony heard on the motion for new trial. It cannot be considered in support of it, for the reason that it was not filed during the term of court at which the case is tried. The necessity that this be done has been repeatedly declared. See Black v. State, 41 Tex. Cr. R. 185, 53 S. W. 116.

[7] The offense took place on the 13th of January. There is attached to appellant's motion for new trial an affidavit by his attorney to the effect that he for a time was denied the privilege of a conference with appellant; that he was called on the 11th day of February, at 2 o'clock in the afternoon, and was denied an interview upon the statement that the sheriff had interdicted it. We gather from his affidavit that he was not permitted to see the appellant until the 13th of February. The case was set for the 17th. The attorney at the time had not been employed, and was not employed until the day of the trial. In the affidavit it is stated that a motion for postponement of the trial was filed. The motion for postponement or continuance is one of the matters which could only be considered if brought up by bills of exceptions. Nelson v. State, 1 Tex. App. 41, and other cases collated in Branch's Ann. Texas Penal Code, § 304.

[8, 9] The ground for the motion for new trial to which the affidavit mentioned relates appears to have been controverted and evidence heard. In the absence of the evidence, the law compels this court to assume that the ruling in favor of the state upon the issue joined, was supported by the facts proved. We cannot consider the evidence, for the reason that it was not preserved and filed during the term.

[10] The right of counsel is guaranteed by the Constitution. Article 1, § 10. It is a penal offense for an officer in whose custody

a prisoner is placed to impair the exercise of this privilege by willfully preventing his consultation and communication with his counsel (Penal Code, art. 1046), and in a proper case would be adequate reason for reversing the judgment (Hamilton v. State, 68 Tex. Cr. R. 419, 153 S. W. 336; 16 Corpus Juris, p. 821; State v. Davis, 9 Okl. Cr. 94, 130 Pac. 962, 44 L. R. A. [N. S.] 1083). For the reasons stated, the matter is not before the court in the present case.

The evidence is sufficient, and no matters authorizing a reversal are brought up for review.

The judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J. We regret that we cannot agree with appellant's contention set forth in his motion for rehearing. According to the record before us, the trial term ended April 2, 1921. Under our statute bills of exception should have been filed within 30 days. Article 845, Vernon's C. C. P. No order granting a longer time for such filing appears in the record, but in his qualification to a bill of exceptions the trial court states that he granted appellant until May 13th for such filing. The record further reflects the fact that on May 13, 1921, appellant asked further extension of such time, and that the trial court made an order as follows:

"It is ordered by the court that this defendant be, and he is hereby, allowed 30 days from and after this date in which to file statement of facts and bills of exception in this case."

[11] Taking it for granted that the statement of the court appended to said bill of exceptions is the truth, and that the order just mentioned was made within the original time limit fixed by the trial court, still, in order to justify us in considering the bills of exceptions, they must have been filed within 30 days after May 13th. They were not. Said 30-day extension ended June 12th. The bills of exception were not filed till later. The fact that they were tendered to the clerk on the 12th would not help matters. They were not then approved by the trial court, and could not have had legal effect as bills of exception had the clerk filed them on the 12th. The trial court appears to have been away from home on June 12th, but no sort of reasonable excuse appears for failure to have presented said bills of exception to said court at an earlier date. This court cannot vary well-known and statutory rules to fit given cases. If it should do so, there would be an end of rules, and the feelings or wishes of this court in any particular case would be substituted for rules. The profession and litigants would be afloat upon an uncharted sea.

The motion for rehearing will be overruled.