142, 274 S.W. 576; King v. State, 59 Tex. Cr.R. 511, 129 S.W. 626; Wertheimer v. State, 75 Tex.Cr.R. 356, 171 S.W. 224; Rawls v. State, 67 Tex.Cr.R. 556, 150 S.W. 431; Harris v. State, 76 Tex.Cr.R. 155, 172 S.W. 1146, the judgment of the trial court will need to be reversed and the cause remanded, and it is accordingly so ordered.

PER CURIAM.

The forgoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## SHEPHERD v. STATE.

No. 18446.

Court of Criminal Appeals of Texas.

June 10, 1936.

C. D. Little, of Baytown, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for life.

By bill of exception No. 1 appellant complains of the action of the trial court in permitting the state on cross-examination of the witness Z. M. Shye to question him with reference to testimony which he gave before the grand jury and to read to the jury a transcribed copy thereof for the purpose of showing a variance as to the time he saw the appellant in Baytown. There is but very little variance in the testimony given upon this trial and that given before the grand jury. This bill is in question and answer form, without a certificate from the trial court that it was necessary that the same be in such form. Hence it cannot be considered by this court. See Monday v. State, 124 Tex.Cr.R. 44, 60 S.W.(2d) 435. However, if the bill had been in narrative form it would not have disclosed any reversible error.

By bill of exception No. 2 appellant complains of the court's action in overruling his motion for a new trial based on newly discovered evidence relating to his insanity, and in support of said motion he attaches an affidavit of his father which was sworn to before his, appellant's attorney. No other testimony seems to have been offered either as to his insanity or the diligence, if any, which he and his attorney exercised to discover said evidence. The motion was contested by the state. This court has held that an attorney for a defendant, who is also a notary public, is not authorized to take an affidavit to be used in the case in which he

represents the defendant. See Garza v. State, 65 Tex.Cr.R. 476, 145 S.W. 590; Hogan v. State, 66 Tex.Cr.R. 498, 147 S. W. 871; Cuellar v. State, 69 Tex.Cr.R. 155, 154 S.W. 228; Peters v. State, 69 Tex.Cr. R. 561, 155 S.W. 212; Gordon v. State, 72 Tex.Cr.R. 285, 162 S.W. 522; Ex parte Turner, 108 Tex.Cr.R. 682, 2 S.W.(2d) 845.

It is well established by the decisions of this court that a motion for a new trial on the ground of newly discovered evidence is largely confided to the discretion of the trial court; and the disposition there made of it will not be disturbed on appeal unless it be apparent that the trial court abused his discretion to the prejudice of the appellant. See Burns v. State, 12 Tex.App. 269. We have reviewed the testimony as it appears in this record and reached the conclusion that it is sufficient to sustain the conviction.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.