Lon D. Morgan v. The State.

No. 7487.   Decided January 24, 1923.

**Misapplication of Public Money—Statement of Facts—Bills of Exception.**
    Where the affidavits attached to the motion for a new trial are sworn to before appellant's attorney, the same cannot be considered on appeal. Following Garza v. State, 145 S. W. Rep., 591, and other cases.

Appeal from the Criminal District Court of Travis.   Tried below before the Hon. James R. Hamilton.

Appeal from a conviction of misapplication of public money; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*N. P. Spring,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney for the State.—On question of affidavit: Gonzales v. State, 234 S. W. Rep., 530; Maples v. State, 131 S. W. Rep., 567.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Travis County of misapplication of public money, and his punishment fixed at two years in the penitentiary.

The record is before this court without statement of facts or bills of exception. A number of matters are raised and presented by affidavits in connection with the motion for new trial. The motion for new trial as well as the affidavits referred to, were sworn to before appellant's attorneys. Such being the case, in conformity with the unbroken holdings of this court in such matters, the affidavits cannot be considered, nor can the motion for new trial be taken by us to

have been properly sworn to. Garza v. State, 65 Texas Crim. Rep., 476, 145 S. W. Rep., 591; Hogan v. State, 66 Texas Crim. Rep., 498, 147 S. W. Rep., 871. See p. 806, Vernon's Code of Criminal Procedure, for citation of other authorities.

The record presenting no error, an affirmance will be ordered.

*Affirmed.*