

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Alex F. Cox
District Attorney
Beeville, Texas

Dear Sir:

> Opinion No. O-973
> Re: Status of a partnership
> business operating under
> a retailer's beer license
> issued in the name of part-
> ners where one partner dis-
> poses of his half interest
> to a third person.

In regard to your letter of June 10th, permit us
to quote therefrom a portion containing facts upon which
your request for an opinion from this Department is predi-
cated:

"Jones and Smith are partners in a rest-
aurant business known as the "Busy Bee Cafe".
January 1, 1939, they apply for and are issued
a retailer's beer license, said license being
issued to Jones and Smith as owners and oper-
ators of said Cafe. Two months later Jones
disposes of his interest in the Cafe business
to Martin, selling Martin an undivided 1/2
interest in the fixtures, business, etc. He
does not transfer his interest in the beer li-
cense because this is prohibited by law..."

Under the above facts, you present three questions
as follows:

"1. Can Smith and Martin continue to sell
beer under the license issued to Jones and Smith,
provided Jones is not in the beer business else-
where?

"2. If it is necessary under the law to
obtain a new license for the cafe, can the cafe
continue to sell beer until the new license is
issued and the old one cancelled?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Alex F. Cox, Page 2

"3. Has the state the right to require Smith to pay for a new license, or his prorata share thereof, merely because his partner Jones decides to quit business and sell his interest in the dafe to some other party?"

Your questions involve the application and construction of certain provisions of the Texas Liquor Control Act and amendments thereto, as incorporated in the Code of Criminal Procedure of 1925, under Articles 666-1 et seq. and 667-1 et seq.

Article 667-1, part 2 of the Texas Liquor Control Act, provides in section (h) that the term "person" shall mean and refer to any natural person or association of natural persons, trustees, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them. Article 667-3 in sub-sections (d) and (e) defines the two types of retail dealer's licenses. Article 667-7(a) provides in part that any license issued under the terms of this article, except branch licenses and temporary licenses specifically provided for, shall terminate one year from the date issued, and no license shall be issued for a longer term than one year. Article 667-5 contains the qualifications necessary for a person or partnership desiring a license as retail dealer to engage in the selling of beer.

Your particular attention is directed to the provisions of Article 617-7(d) and Article 667-19(k). Section (d) under the former, provides that no license issued under the provisions of this article shall be assignable by the holder thereof to any other person; provided, that should any holder of a license desire to change a place of business designated in such license, he may do so by applying to the county judge and receiving his consent or approval as in the case of original application for license as therein provided, . . Section (k) under the latter Article named, provides that the Board or Administrator shall have the power and authority to cancel the license of any person (partnership) authorized to sell beer after notice and hearing upon finding that the license has permitted his license to be used in the operation of a business conducted for the benefit of any person not authorized by law to have an interest in said license.

The act provides that it shall be unlawful for any person to manufacture or brew for the purpose of sale or

to import into this state, or to distribute, or sell any
beer, or to possess any beer for the purpose of sale within
this state without having first obtained an appropriate li-
cense as provided for in the act. "Person" meaning "partner-
ship", the act deals with partners as an entity insofar as
the license is concerned. The license in this case was issued
to Jones and Smith, partners. To allow a partner to
withdraw from the business and withdraw his name from a per-
mit in favor of another partner would, in effect, be trans-
ferring his interest in the permit or license regardless of
what that interest might be. Such was held in an opinion
written by Hon. Joe Sharp, Assistant Attorney General, to
Hon. Bert Ford, administrator of the Texas Liquor Control
Board on November 30, 1938, which opinion held that the re-
maining partner was not entitled to sell alcoholic beverages
under any permit or license which may have been held by the
partnership. This holding we think is correct, considering
the character of the license and the right of the state to
control the issuance of licenses and regulate the sale of
alcoholic beverages.

In the case of State vs. DeSilva, 105 Tex. 95,
145 S. W. 330, the Supreme Court held that the right to sell
intoxicants is not a property right, but a privilege granted
by the state, which, may be revoked and the state has the power
to provide the manner of its revocation. This case among
others, was cited and followed as authority for the holding
in Bradley vs. Texas Liquor Control Board, 108 S. W. (2d) 300,
involving our present Liquor Control Act, and we quote from
this latter case as follows:

> "A permittee or licensee under the act
> has no vested right to sell liquor, but is a mere
> permittee or licensee with the privilege of sell-
> ing liquor in accordance with the terms of the act,
> and accepts his permit or license subject to the
> authority of the board to cancel it for any vio-
> lation of the statutes or any rule or regulation
> promulgated by the board under authority of the
> act."

In answer to your questions 1 and 2, it is therefore
the opinion of this Department that where a retail dealer's
license is issued under the Texas Liquor Control Act in the
name of partners, a dissolution of the partnership operates
as a revocation of the license. Selling beer under such li-
cense by the remaining partner or new partnership created is
in violation of the Texas Liquor Control Act.

Hon. Alex F. Cox, Page 4

In answer to your third question, it is our opinion that the state has a right to require a new license to be obtained by the remaining partner or new partnership and charge therefor as a condition precedent to engaging in the business of selling beer.

Trusting that the above answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN

WmK:BBB

APPROVED JUN 27, 1939

ATTORNEY GENERAL OF TEXAS